188 Cal.App.4th 1149 (2010)
115 Cal. Rptr. 3d 869
In re E.O., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent,
v.
E.O., Defendant and Appellant.
No. H035462.
Court of Appeals of California, Sixth District.
September 29, 2010.
*1151 Jonathan Grossman, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
RUSHING, P.J.
The trial court placed E.O., a minor, on probation after finding that he came within the jurisdiction of the juvenile court because he possessed a knife on school grounds. On appeal he contends that a condition of probation restricting his freedom to approach or enter courthouses is unconstitutionally overbroad. We agree and will reverse the dispositional order to that extent.

BACKGROUND
Appellant was first found to be a ward of the juvenile court on March 24, 2008, when the court sustained the allegations of a petition charging that he *1152 had engaged in felony vandalism, in that he and a companion painted gang-related graffiti on school property. On January 25, 2010, a second petition was filed alleging that appellant had possessed a knife with a blade longer than 2.5 inches on school grounds in violation of Penal Code section 626.10, subdivision (a).
At the hearing on the petition, the principal at appellant's high school testified that he detained appellant and three schoolmates who were walking around the school grounds while classes were in session. After confirming that they were supposed to be in class, he told them he was going to search them. Appellant moved away and, shielding his hands from view, appeared to remove something from his pockets. The principal heard something hit the floor, and found at that location a plastic garbage bag containing a folding knife with a blade about 3.5 inches long. Testifying on his own behalf, appellant denied that he dropped or possessed the knife, stating that when told to turn out his pockets he did so, and that they contained nothing but a pencil.
Manifestly crediting the principal's account, the trial court sustained the petition and placed appellant on probation. It adopted a number of probation conditions recommended by the probation department, including one directing "[t]hat said minor not knowingly come within 25 feet of a Courthouse when the minor knows there are criminal or juvenile proceedings occurring which involves [sic] anyone the minor knows to be a gang member or where the minor knows a witness or victim of gang-related activity will be present, unless the minor is a party in the action or subpoenaed as a witness or needs access to the area for a legitimate purpose or has prior permission from his Probation Officer."
Appellant filed this timely appeal.

DISCUSSION
(1) "`In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety. . . .'" (People v. Perez (2009) 176 Cal.App.4th 380, 383 [97 Cal.Rptr.3d 632] (Perez).) This discretion is broader in juvenile than in adult criminal cases. (In re Sheena K. (2007) 40 Cal.4th 875, 889-890 [55 Cal.Rptr.3d 716, 153 P.3d 282] (Sheena K.); In re Francisco S. (2000) 85 Cal.App.4th 946, 953-954 [102 Cal.Rptr.2d 514]; In re Victor L. (2010) 182 Cal.App.4th 902, 910 [106 Cal.Rptr.3d 584] (Victor L.).) However, "the juvenile court's discretion is not boundless." (Victor L., supra, at p. 910; see In re R.P. (2009) 176 Cal.App.4th 562, 566 [97 Cal.Rptr.3d 822] ["a probation condition must not violate a probationer's inalienable rights"]; In re Tyrell J. (1994) 8 Cal.4th *1153 68, 82 [32 Cal.Rptr.2d 33, 876 P.2d 519] ["`"Even conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile. . . ."'" (citation omitted)], overruled on other grounds in In re Jaime P. (2006) 40 Cal.4th 128, 139 [51 Cal.Rptr.3d 430, 146 P.3d 965]; In re Josh W. (1997) 55 Cal.App.4th 1, 5 [63 Cal.Rptr.2d 701] [to same effect]; Perez, supra, 176 Cal.App.4th at p. 383.)
A probation condition, whether in an adult or juvenile case, may be challenged as unconstitutionally vague or overbroad. (See Sheena K., supra, 40 Cal.4th at p. 887.) Although the two objections are often mentioned in the same breath, they are conceptually quite distinct. A restriction is unconstitutionally vague if it is not "`sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated.'" (Id. at p. 890, quoting People v. Reinertson (1986) 178 Cal.App.3d 320, 324-325 [223 Cal.Rptr. 670].) A restriction failing this test does not give adequate notice"fair warning"of the conduct proscribed. (Sheena K., supra, 40 Cal.4th at p. 890; see In re H.C. (2009) 175 Cal.App.4th 1067, 1070 [96 Cal.Rptr.3d 793].) A restriction is unconstitutionally overbroad, on the other hand, if it (1) "impinge[s] on constitutional rights," and (2) is not "tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation." (Victor L., supra, 182 Cal.App.4th at p. 910; see Sheena K., at p. 890; People v. Harrisson (2005) 134 Cal.App.4th 637, 641-642 [36 Cal.Rptr.3d 264].) The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rightsbearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement.
(2) Appellant's challenge is primarily one of overbreadth, not vagueness. He contends that the restriction on court attendance unnecessarily infringes on several constitutional rights.[1] The foremost of these is a First Amendment right to attend court proceedings.[2] Much of his argument on this point relies on principles governing the closure of trials to the public, as most recently addressed in Presley v. Georgia (2010) 558 U.S. ___ [175 L.Ed.2d 675, 130 S.Ct. 721]. That case, however, has no apparent pertinence here except as a general affirmation that there exists a First Amendment right, of largely *1154 undefined scope, to attend court proceedings. (Presley, at p. ___ [130 S.Ct. at p. 723]; see Press-Enterprise Co. v. Superior Court of Cal. (1984) 464 U.S. 501 [78 L.Ed.2d 629, 104 S.Ct. 819].) That right was not at issue in that case. The court explicitly acknowledged as much by observing that the appeal necessarily rested on the defendant's right to a public trial under the Sixth Amendment, since it was he and not a member of the public (or press) "who invoked his right to a public trial." (Presley v. Georgia, supra, 558 U.S. at p. ___ [130 S.Ct. at p. 723]; see id. at p. ___ [130 S.Ct. at p. 722] [defendant petitioned for certiorari "claiming his Sixth and Fourteenth Amendment right to a public trial was violated"].) The court expressly declined to expound upon "[t]he extent to which the First and Sixth Amendment public trial rights are coextensive." (Id. at p. ___ [130 S.Ct. at p. 724].) We fail to detect any logical connection between the holding in that case and any issue now before us.
Defendant gains considerably more traction with Perez, supra, 176 Cal.App.4th 380, where the court considered a probation condition directing the defendant not to "attend[] any court hearing or [be] `within 500 feet of any Court in which [he] is neither a defendant nor under subpoena.'" (Id. at p. 382.) The court held the condition overbroad in that (1) insofar as it might relate to avoiding recurrences of the defendant's past gang involvement, it added nothing to other, unchallenged conditions having that effect; (2) insofar as it was aimed at "protect[ing] witnesses, parties to court proceedings, and court personnel," it was "not limited to protecting specific witnesses or parties, nor is it confined to trials involving gang members," and thus it restricted the defendant "from engaging in activities that are unrelated to future criminality." (Id. at p. 384.)
(3) The court also found distinct infirmities in "the 500-foot court access restriction." (Perez, supra, 176 Cal.App.4th at p. 384.) The prosecution did not claim that the defendant "had threatened or would threaten witnesses, or that his presence in a courthouse would incite violence." (Ibid.) Nor did the state offer any showing "why a narrower condition restricting attendance at trials of gang members and prohibiting contact with witnesses would not suffice." (Ibid.) The court observed that "broad and unnecessary exclusions from either government centers that invite public participation or public places that contain parks and other public forums touch upon other constitutionally protected interests," and that "[u]nreasonable restrictions `on access to public property' contravene the First Amendment." (Id. at p. 385.) It cited examples of cases where courts "struck conditions that are so broad they prevent lawful conduct in public places." (Id. at pp. 384-385.) Emphasizing the right of access to the courts themselves, the court noted that the condition before it could prevent the defendant from "filing or appearing in a civil action or voluntarily testifying in a case in which he has not been subpoenaed." (Id. at p. 385.) It noted that even where restrictions are justified by a *1155 demonstrated nexus to the case, "`provision should be made to allow for lawful travel through the area of restriction and for access to the area for legitimate purposes . . . .'" (Id. at p. 386, quoting Oyoghok v. Municipality of Anchorage (Alaska Ct.App. 1982) 641 P.2d 1267, 1270, fn. 4.)
Respondent notes that the prohibition on court attendance in Perez was not limited, as the one here is, to gang-related proceedings. However the present condition shares several of the other vices that concerned the court in Perez. The prohibition on being near a building in which gang-related proceedings are known to be underway would prevent appellant not only from attending a gang-related trial but also from attending other proceedings in the same, and perhaps adjacent, buildings, or indeed from entering such a building for any reason, other than as a party or witness, without his probation officer's permission, unless he "needs" to enter for "a legitimate purpose."[3] Indeed appellant could violate the condition if a car or bus in which he is a passenger passes by such a building.
Appellant further contends that the condition unnecessarily infringes his specific right under the state constitution to attend and participate in court proceedings if he or a family member is a victim of a crime. (See Cal. Const., art. I, § 28, subd. (b)(7); see id., subd. (e) [defining "victim"].) The condition not only interferes with these rights, but would also prevent him from testifying voluntarily or addressing the court in a setting, such as a sentencing hearing, where comments from members of the public might be received.
As against these objections respondent makes no attempt to show that the condition is narrowly tailored to its objective. Indeed, apart from allusions to preventing attendance at gang-related proceedings, respondent does not indicate what its objective is. As in Perez, there are other conditions in the dispositional order, not challenged by appellant, that restrict gang-related activities: appellant is directed not to knowingly participate in any gang activity, not to visit areas of gang-related activity without his probation officer's permission, and not to knowingly possess, display, or transmit gang insignia or symbols. It may be that the principal concern behind the challenged restrictions is prevention of intimidation by gang members of witnesses to or victims of crimes with which other gang members are charged. But attending a trial, or loitering outside a courthouse, in order to glower at or otherwise intimidate participants in a trial would seem to already be proscribed by the prohibition on gang-related activity. In any event it should *1156 be possible to achieve at least equal efficacy with a more direct but narrowly tailored restriction than one excluding defendant from the vicinity of whole buildings.
Respondent cites People v. Leon (2010) 181 Cal.App.4th 943 [104 Cal.Rptr.3d 410] (Leon), as authority for holding the condition fine as it is. In that case this court held overbroad a condition that directed the defendant not to "`appear at any court proceeding unless you're a party, you're a defendant in a criminal action, subpoenaed as a witness, or with permission of probation.'" (Id. at p. 952.) The defendant contended that the condition should either be stricken in its entirety, or "modified to refer to court proceedings involving gang members only."[4] (181 Cal.App.4th at p. 952.) The court modified the condition as requested.
(4) Contrary to respondent's contention, Leon is not authority for finding the present condition free of unconstitutional overbreadth. It is true that the condition before us is not marred by the vice corrected there, because it is already limited by its terms to proceedings in which appellant "knows there are criminal or juvenile proceedings occurring which involve[] anyone [he] knows to be a gang member or . . . knows a witness or victim of gang-related activity will be present." However there is no suggestion that the objections raised here were voiced or considered in Leon. It goes without saying that a decision is not authority for a point the rendering court did not address. (People v. Neely (1999) 70 Cal.App.4th 767, 783 [82 Cal.Rptr.2d 886].) Apparently the only point addressed in Leon was whether the condition was overbroad for extending beyond proceedings that might be reasonably thought to be gang related. The court agreed with the appellant on that point, and modified the condition accordingly. It did not purport to decide that the condition as so modified was proof against any and all other objections that might be raised against it.
Respondent also cites In re Laylah K. (1991) 229 Cal.App.3d 1496 [281 Cal.Rptr. 6], disapproved on another point in In re Sade C. (1996) 13 Cal.4th 952, 962, footnote 2, 983, footnote 13 [55 Cal.Rptr.2d 771, 920 P.2d 716], where restrictions on court attendance were upheld as "aimed at preventing the gathering of gang members to intimidate witnesses at court proceedings." (In re Laylah K., at p. 1502.) But the appellants there, according to the opinion, challenged the restriction chiefly on the ground that it was "not *1157 reasonably related to their crimes or to their rehabilitation." (Id. at p. 1500.) The court also acknowledged a contention that some of the probation conditions imposed there "infringe[d] on [the appellants'] constitutional rights of speech and association and prohibit[ed] lawful conduct." (Ibid.) But that challenge apparently did not extend to the court-attendance restriction. The opinion considers it, at any rate, only as it affected other probation conditions. (See id. at pp. 1502-1503.) There is no indication that the appellants invoked any constitutional right to attend judicial proceedings or to be present in public areas.
(5) We conclude that, on this record, the challenged condition is indeed overbroad. The court in Perez, after reaching a similar conclusion, did not attempt to fashion a condition free of the infirmities it identified, but struck the offending condition and remanded with the observation that the trial court might "impose a narrower condition if it deems necessary." (Perez, supra, 176 Cal.App.4th at p. 386.) Here too we think the trial court should reconsider the necessity for, and thus the purpose of, the condition. As in Perez, there was no evidence that appellant had "loitered on courthouse property, that he had threatened or would threaten witnesses, or that his presence in a courthouse would incite violence." (Id. at p. 384.) If however the court again finds such a restriction justified, some suggested substitute language may be found in the margin.[5]
(6) We take this opportunity to observe that to the extent the goal of precise expression permits, probation conditionsparticularly in juvenile casesshould be as comprehensible as possible. The better practice is generally to frame them in the second person ("You must . . ." or "You must not . . ."), and to use plain lay language whenever it can be made to suffice. According to an online readability tester, the wording used in the condition challenged here corresponds to an average grade level, using five different scoring methodologies, of 28.68 years of education. (Added Bytes, Check *1158 Text Readability, [as of Sept. 29, 2010].) "Scores over 22 should generally be taken to mean graduate level text." (Ibid.) The language in our suggested conditions (see fn. 5, ante) has an average readability rating, according to the above site, of 7.72. (.) Clarity is possible even where the concept is complex.[6]

DISPOSITION
The judgment is modified by striking condition No. 16. If requested by either party within 30 days after this court issues its remittitur, the trial court shall conduct a new disposition hearing. In the absence of such a request, the judgment shall be deemed affirmed as modified.
Premo, J., and Duffy, J., concurred.
NOTES
[1] Appellant did not raise this objection below, but as respondent tacitly concedes, this failure is not fatal to the present appeal. (See In re Sheena K., supra, 40 Cal.4th 875, 889 [failure to object to probation condition on grounds of unconstitutional vagueness or overbreadth does not forfeit point on appeal if it amounts to facial challenge raising pure question of law].)
[2] By statute, juvenile court proceedings are generally closed to the public. (See Welf. & Inst. Code, § 676.) This rule is subject to numerous exceptions (see ibid.), but it goes without saying that where appellant is not otherwise entitled to attend a given proceeding, the condition under scrutiny cannot work any interference with his rights.
[3] The quoted language is too vague to effectively limit the restriction. There is no way to tell whether access is "need[ed]" or its purpose is "legitimate." The allowance for "permission" from the probation officer operates independently of the provision for "need[ed]" access and does nothing to cure its vagueness.
[4] It would also seem that the condition there was rendered at least arguably vague by its use of the verb "appear," rather than "attend" or "be present at." The term "appear" is a legal term of art in the context of official proceedings, and while this is presumably not the sense in which the trial court there intended the word, it nonetheless burdened the challenged condition with considerable ambiguity. This court eliminated the ambiguity by substituting "be present" for "appear." (Leon, supra, 181 Cal.App.4th at p. 954; cf. id., at p. 952.)
[5] You must not attend any gang-related case unless at least one of these things is true:

(1) You are a party to the case.
(2) You or a member of your immediate family is a victim of the activity charged in the case.
(3) You are there to obey a subpoena, summons, court order, or other official order to attend.
(4) A party's attorney has asked you to testify or to speak to the court.
In all other cases, you must stay at least 50 feet away from the entrance to any courtroom where you know there is a gang-related case going on.
A gang-related case is a court case that you know involves charges of gang-related activity, or other charges against a person you know or have been told by your probation officer is a member of a gang. A gang is a "criminal street gang" as defined in section 186.22 of the Penal Code.
You must not try to scare or otherwise cause anyone not to take part in a gang-related case. This includes a witness, victim, juror, or court worker. You must not try to get any witness in any court case not to testify. You must not try to get them to change their testimony.
[6] The phrase "Discretion, like the hole in a doughnut, does not exist except as an area left open by a surrounding belt of restriction," has a readability score of 10.74. The words are from Dworkin, Taking Rights Seriously (Harvard University Press 1978) page 31.