Filed 11/13/13  P. v. Ortega CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANGEL JOHN ORTEGA,<br><br>    Defendant and Appellant. | H039218<br>(Santa Clara County<br>Super. Ct. No. C1243946) |

Defendant Angel John Ortega pleaded no contest to commercial burglary (Pen. Code, §§ 459, 460, subd. (b))[1] and battery (§§ 242, 243, subd. (a)).  The trial court suspended imposition of sentence and placed defendant on probation for three years. Defendant contends that his probation condition that he stay away from all Lucky, Save Mart, and FoodMaxx supermarkets is unconstitutionally vague and overbroad.  We conclude the probation condition must be modified.  As modified, the order is affirmed.

## I.  Statement of Facts[2]

Defendant, who was carrying a backpack, entered a Lucky supermarket located in San Jose.  Defendant placed several items into the backpack and left the store without paying for them.  After a loss prevention officer approached defendant and identified

---

[1] All further statutory references are to the Penal Code.
[2] The statement of facts is based on the police reports.

himself, defendant tried to strike the officer with his backpack. The officer then attempted to take defendant into custody, but defendant managed to break free from his grasp. After defendant tripped, he was apprehended.

## II. Discussion

At the sentencing hearing, the trial court stated: "You cannot go on the premises of any Lucky store, Savemart store or Food Maxx store in the State of California or you'll be in violation of probation. That means parking lot and store." However, the minute order states that defendant was ordered to "[s]tay away from the premises of all Lucky, Save Mart & Food Maxx Stores in CA at 100 yds." When there is a discrepancy between the minute order and the trial court's oral pronouncement, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) Thus, we will consider defendant's constitutional challenges to the trial court's oral pronouncement of the probation condition.

Defendant argues that this probation condition is unconstitutionally overbroad, because it infringes on his constitutional right to travel. He also challenges the constitutionality of the probation condition on the ground of vagueness. He asserts that he could be found in violation of probation by entering a parking lot while he was unaware that the named supermarkets were on the premises.[3]

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's

---

[3] The parties agree that defendant's failure to object to this probation condition does not preclude appellate review of his constitutional claims. (*In re Sheena K.* (2007) 40 Cal.4th 875, 885-887 (*Sheena K.*).)

constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) In addition, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Sheena K.*, at p. 890.)

Though "[t]he right of intrastate travel has been recognized as a basic human right protected by" the California Constitution (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1100), as defendant acknowledges, probation conditions frequently require a probationer to stay away from his or her victim. Here, the parent company of the Lucky supermarket that was victimized by defendant requested that he be ordered to stay away from all Lucky, Save Mart, and FoodMaxx supermarkets. Defendant may exercise his right to travel as long as he stays away from the premises of his victim. Thus, to the extent that the probation condition prohibits him from entering these stores, it does not impermissibly infringe on his constitutional right to travel. However, there is no justification to keep defendant away from any business that is attached to the same parking lots as the Lucky, Save Mart, and FoodMaxx supermarkets. Accordingly, the condition must be modified to delete the reference to the parking lots of these stores.[4]

---

[4] Since the reference to the parking lots is deleted, we need not consider defendant's vagueness argument that the probation condition must include a knowledge requirement.

3

### III.    Disposition

The order is modified to state:  "You cannot enter any Lucky store, Save Mart store, or FoodMaxx store in the State of California."  As modified, the order is affirmed.


_____
Mihara, J.


WE CONCUR:




_____
Premo, Acting P. J.




_____
Grover, J.

4