Filed 1/11/16  P. v. Ortiz CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICARDO ANTHONY ORTIZ,<br><br>    Defendant and Appellant. | H041412<br>(Santa Clara County<br> Super. Ct. No. C1371488) |

Defendant Ricardo Anthony Ortiz threatened his 14-year-old girlfriend, Jane Doe, and her mother (mother) with a knife.  When defendant was arrested in connection with the incident, he lied to arresting officers about his identity, threatened to get even with those who had snitched on him, told officers he was in a gang, and said his "people" ran the jail.

Defendant pleaded no contest to assault with a deadly weapon other than a firearm (Pen. Code, § 245, subd. (a)(1))[1]; assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)); false imprisonment (§ 236); resisting, delaying, or obstructing an officer (§ 148, subd. (a)(1)); and providing a false name to a police officer (§ 148.9).  The trial court suspended imposition of sentence and placed defendant on three years' probation, subject to various conditions.  Among the probation conditions the court imposed were four gang-related conditions.  The court also issued a criminal

---

[1] Unspecified statutory references are to the Penal Code.

protective order requiring defendant to have no contact with Jane Doe for 10 years and no contact with her family for three years.

On appeal, defendant challenges the validity of the gang-related probation conditions and the protective order, to the extent it extends to Jane Doe's siblings. We modify the judgment and affirm it as modified.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

San Jose police officers responded to a call that a man was brandishing a knife at a billiards hall on December 14, 2013. When the officers arrived at the billiards hall, they observed mother holding her 14-year-old daughter Jane Doe in an apparent attempt to protect her from defendant. Defendant fled but was apprehended by police and arrested.

Officers found a spring assisted folding knife in defendant's pocket during his arrest. After initially refusing to identify himself, defendant gave officers a false name. While being transported to jail, defendant told officers he was a "gangster from the north side," that he would "get even" with whomever "snitched" on him, and that he would "deal with" it if the victims "gave up his name." Defendant also told officers he was affiliated with a gang and that his "people" ran the jail and the Elmwood Correctional Facility.

Witnesses at the billiards hall reported seeing defendant making stabbing motions towards Jane Doe with a knife. They further reported that defendant held the knife to mother's neck and threatened to kill her.

Mother had previously reported to police that defendant, who was 21 years old, was having sex with and providing drugs and alcohol to her daughter, Jane Doe. Mother told the probation officer that defendant had threatened to kill her, Jane Doe, and the rest of the family on multiple occasions and that she feared for their lives. Mother requested a protective order for the entire family, including her husband and five other children.

---

[2] The factual background is taken from the probation officer's report.

2

On December 18, 2013, a felony complaint was filed in Santa Clara County Superior Court alleging defendant had committed two counts of assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1), counts 1 & 2); threats to commit a crime resulting in death or great bodily injury (§ 422, count 3); resisting, delaying, or obstructing an officer (§ 148, subd. (a)(1), count 4); and providing a false name to police officer (§ 148.9, count 5). On the People's motion, count 2 was amended to allege assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)) and count 3 was amended to allege false imprisonment (§ 236) on March 26, 2014.

Also on March 26, 2014, defendant pleaded no contest to all five counts.

The trial court held a sentencing hearing on August 29, 2014. Defense counsel objected to the gang-related probation conditions recommended by the probation officer on grounds that the offense was not gang-motivated, but rather was a domestic violence incident. Defense counsel also objected to mother's request for a protective order applying to her children other than Jane Doe ("Jane Doe's siblings").

The court suspended imposition of sentence and granted defendant three years' probation. The court imposed a number of probation conditions, including that defendant serve one year in county jail. The court also imposed four gang-related probation conditions. The first, probation condition No. 1, provides: "The defendant shall not possess, wear or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandanna, jacket or other article of clothing that he/she knows or the probation officer informs him/her is evidence of, affiliation with, or membership in a criminal street gang." The second, probation condition No. 2, provides: "The defendant shall not associate with any person he/she knows to be or the probation officer informs him/her is a member of a criminal street gang." The third, probation condition No. 3, provides: "The defendant shall not visit or remain in any specific location which he/she knows to be or which the probation officer informs him/her is an area of criminal-street-gang-related activity." The fourth, probation condition No. 5,

3

provides: "The defendant shall not be present at any court proceeding where he/she knows or the probation officer informs him/her that a member of a criminal street gang is present or that the proceeding concerns a member of a criminal street gang unless he/she is a party, he/she is a defendant in a criminal action, he/she is subpoenaed as a witness, or he/she has the prior permission of the probation officer."

The court also issued a criminal protective order requiring defendant to have no contact with Jane Doe for 10 years and no contact with the rest of Jane Doe's family for three years.

Defendant timely appealed.

## II.    DISCUSSION

### A.    *Protective Order*

Defendant contends the trial court lacked authority to issue a protective order with respect to Jane Doe's siblings because they were not victims of the December 14, 2013 incident. The People respond that the order was proper pursuant to both section 136.2, subdivision (i)(1) and the court's inherent authority to issue protective orders.

Section 136.2, subdivision (i)(1) provides: "In all cases in which a criminal defendant has been convicted of a crime involving domestic violence . . . , the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with the victim. The order may be valid for up to 10 years, as determined by the court. . . . It is the intent of the Legislature in enacting this subdivision that the duration of any restraining order issued by the court be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family." For purposes of section 136.2, "victim" is defined as "any natural person with respect to whom there is reason to believe that any crime as defined under the laws of this state or any other state or of the United States is being or has been perpetrated or attempted to be perpetrated." (§ 136, subd. (3).)

4

The People contend the protective order is justified under section 136.2, subdivision (i)(1) because Jane Doe's siblings qualify as victims under section 136. For that argument, the People rely on the probation report, which indicates mother told the probation officer that defendant had threatened the lives of the entire family. But the People do not indicate what crime defendant committed or attempted by making those threats.[3] Accordingly, we cannot say Jane Doe's siblings are victims as defined by section 136.

Next, the People rely on *People v. Clayburg* (2012) 211 Cal.App.4th 86 (*Clayburg*) to argue that the phrase "the safety of the victim and his or her immediate family" in section 136.2, subdivision (i)(1) modifies the scope of protective orders that section permits. In *Clayburg*, the court considered a protective order issued pursuant to section 646.9, subdivision (k)(1), which relates to stalking victims. (*Clayburg*, *supra*, at p. 88.) Like section 136.2, subdivision (i)(1), section 646.9, subdivision (k)(1) authorizes orders " 'restraining the defendant from any contact with the victim' " and provides that " 'the length of any restraining order be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family.' " (*Clayburg*, *supra*, at p. 89.) The *Clayburg* court upheld an order

___

[3] Mother's statements suggest defendant may have committed the crime of criminal threat, in violation of section 422, against her. The elements of a violation of section 422 are (1) the defendant made a willful threat to commit a crime that will result in death or great bodily injury to another person; (2) the defendant made the threat with the specific intent that it be taken as a threat; (3) the threat was so unequivocal, unconditional, immediate, and specific as to convey an immediate prospect of execution of the threat to the person threatened; (4) the threat caused the person threatened to be in sustained fear for the safety of himself or herself or his or her immediate family; and (5) the threatened person's fear was reasonable. (*People v. Toledo* (2001) 26 Cal.4th 221, 227-228.) However, there is no evidence defendant communicated threats to Jane Doe's siblings or that they feared for their safety or the safety of their family as a result. Accordingly, even if defendant committed the crime of criminal threat against mother, Jane Doe's siblings still are not victims.

5

restraining the defendant from having contact with her husband and daughter, despite the fact that only the husband was a named victim of the defendant's stalking. The court declined to "construe the second sentence" of section 646.9, subdivision (k)(1), which addresses the safety of the victim and his or her immediate family, "so as to relate only to the length of the restraining order." (*Clayburg*, *supra*, at p. 91.) Instead, reading the two sentences in section 646.9, subdivision (k)(1) together, the court concluded that "the Legislature wants the judiciary to protect the child of a named stalking victim." (*Clayburg*, *supra*, at p. 91.) The court noted that the daughter "suffered emotionally and . . . was traumatized by [defendant's] conduct." (*Ibid*.)

Defendant urges us to follow *People v. Delarosarauda* (2014) 227 Cal.App.4th 205 (*Delarosarauda*) instead. In *Delarosarauda*, the defendant was convicted of assaulting his spouse. At sentencing, the trial court issued a criminal protective order forbidding defendant to contact his spouse, son, or stepdaughter for 10 years. (*Id*. at p. 209.) The appellate court concluded that section 136.2, subdivision (i)(1) did not authorize the protective order as to defendant's son and stepdaughter because "there was no reason to believe that any crime was being or had been perpetrated or attempted to be perpetrated against" them. (*Delarosarauda*, *supra*, at p. 211.) The court disagreed with *Clayburg*'s conclusion that that the second sentence in section 646.9, subdivision (k) modified the first sentence, thereby expanding the meaning of " 'victim' " in the first sentence to include " 'a member of the immediate family of a stalking victim . . . who suffers emotional harm.' " (*Delarosarauda*, *supra*, at p. 212.) With respect to section 136.2, subdivision (i)(1), the court concluded that the language "providing that 'the duration of any restraining order issued by the court be based upon . . . the safety of the victim and his or her immediate family' does not modify the term 'victim' in the first sentence. Thus, any restraining order issued under this provision must be limited to prohibiting contact with the victim." (*Delarosarauda*, *supra*, at p. 212.) The *Delarosarauda* court further concluded that the child in *Clayburg* was a victim of the

6

stalking (such that the restraining order was appropriate) because it caused her to suffer emotional harm.

We agree with *Delarosarauda* that section 136.2, subdivision (i)(1)'s discussion of "the safety of the victim and his or her immediate family" relates only to the court's determination of the duration of the restraining order. It does not alter the definition of victim. Therefore, the order restraining defendant from contacting Jane Doe's siblings is not authorized merely because they are members of Jane Doe and mother's immediate family. And, unlike in *Clayburg*, there is no evidence that defendant's crimes caused Jane Doe's siblings to suffer emotional harm, such that they might be characterized as victims of those crimes.

Finally, the People maintain the trial court had the inherent power to issue the order protecting Jane Doe's siblings. The court rejected a similar argument in *People v. Ponce* (2009) 173 Cal.App.4th 378 (*Ponce*). There, the trial court issued a protective order pursuant to section 136.2, subdivision (a) that was not authorized by the statute. (*Ponce*, *supra*, at p. 382 & fn. 2.) The People argued that, "notwithstanding section 136.2, trial courts, independent of statute, have inherent authority to issue appropriate protective orders to protect trial participants." (*Id*. at p. 383.) Our colleagues in the Second District reasoned that the order could not be justified under the trial court's inherent authority because "[a]n existing body of statutory law regulates restraining orders," and, in those circumstances, courts "should normally refrain from exercising their inherent powers to invent alternatives." (*Id*. at p. 384.) We agree with that reasoning and, therefore, conclude that the protective order cannot be justified by resort to the trial court's inherent power.

For the foregoing reasons, we conclude the trial court was not authorized to include Jane Doe's siblings in the postconviction protective order, and their names must be stricken.

7

### B. *Gang Conditions*

Defendant maintains the trial court abused its discretion in imposing gang-related probation conditions because they do not relate to his crimes or his future criminality. Alternatively, he challenges three of the gang-related probation conditions on constitutional grounds.

#### 1. *Reasonableness of the Gang-related Probation Conditions*

The People contend that defendant's admitted gang affiliation justifies the conditions. We review the reasonableness of probation conditions for abuse of discretion. (*People v. Olguin* (2008) 45 Cal.4th 375, 379.)

Under section 1203.1, a trial court "may impose and require . . . reasonable conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer . . . ." (§ 1203.1, subd. (j).) "The primary goal of probation is to ensure '[t]he safety of the public . . . through the enforcement of court-ordered conditions of probation.' " (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) "In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1." (*Ibid.*)

"A condition of probation will [be upheld] unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' " (*People v. Lent* (1975) 15 Cal.3d 481, 486.) The *Lent* test "is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin*, *supra*, 45 Cal.4th at p. 379.) "As such, even if a condition of probation has no relationship to the crime of which a defendant was

8

convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Id.* at pp. 379-380.)

Defendant's offenses were not gang-related, and the challenged gang conditions are not primarily aimed at conduct that is in itself criminal. Thus, the question is whether the gang conditions are reasonably related to future criminality.

Courts have held that gang conditions bear a reasonable relationship to future criminality where the record contains evidence showing the probationer is or has been affiliated with a gang. For example, in *People v. Lopez* (1998) 66 Cal.App.4th 615, 626, the court upheld a no-gang-contact probation condition where the crime to which the probationer pleaded guilty was not gang-related but the probationer was affiliated with a criminal street gang. The court reasoned that the probation condition "promoted section 1203.1's goals of rehabilitation and public safety by forbidding conduct reasonably related to future criminality." (*Ibid.*) Likewise, in *People v. Martinez* (2014) 226 Cal.App.4th 759, 764 (*Martinez*), the court concluded that a gang condition was reasonably related to future criminality where the probationer had been in a gang because "association with gang members is the first step to involvement in gang activity . . . ."

Here, defendant admitted his gang affiliation to police. Therefore, we conclude the gang conditions bear a reasonable relationship to his future criminality and thus do not constitute an abuse of discretion.

### 2. *Constitutionality of the Gang-related Probation Conditions*

Alternatively, defendant asserts that three of the gang-related probation conditions are unconstitutionally vague or overbroad.

### a. *Legal Principles*

A Court of Appeal may review the constitutionality of a probation condition where, as here, it has not been challenged in the trial court, if the issue can be resolved as a matter of law without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889.) Thus, we can consider facial challenges to the constitutionality of

9

probation conditions not objected to below, as such challenges "do[] not require scrutiny of individual facts and circumstances but instead require[] the review of abstract and generalized legal concepts." (*Id*. at p. 885.) Our review is de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*In re Sheena K*., *supra*, 40 Cal.4th at p. 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid*.) A probation condition is sufficiently specific " ' "if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources." ' " (*People v. Lopez*, *supra*, 66 Cal.App.4th at p. 630.) "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [modifying probation condition to prohibit knowing possession of a firearm or ammunition].) Accordingly, courts have consistently ordered modification of probation conditions to incorporate a scienter requirement where a probationer could unknowingly engage in the prohibited activity. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913 [modifying probation condition to prohibit knowing presence of weapons or ammunition]; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [modifying prohibition on association with gang members to prohibit association with known gang members]; *In re Kacy S*. (1998) 68 Cal.App.4th 704, 713 [modifying probation condition that defendant not associate with any persons not approved by his probation officer].)

"Inherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled." ' [Citations.] Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms

enjoyed by law-abiding citizens." (*United States v. Knights* (2001) 534 U.S. 112, 119.) "[C]onditions infringing on constitutional rights . . . will pass muster if tailored to fit the individual probationer." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373.)  Thus, "[t]he essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153 (*E.O.*).)

### b.    *Vagueness Challenge to Condition No. 1*

Probation condition No. 1 provides:  "The defendant shall not possess, wear or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandanna, jacket or other article of clothing that he/she knows or the probation officer informs him/her is evidence of, affiliation with, or membership in a criminal street gang." Defendant contends that probation condition is unconstitutionally vague absent an express knowledge requirement.  Specifically, he contends the condition should be modified to bar him from *knowingly* possessing, wearing, or displaying any clothing or other insignia showing affiliation with a criminal street gang.

We agree with defendant that he might come to possess gang-related items without his knowledge.  Therefore, we will modify the condition to include the word "knowingly" as set forth in the disposition.  (*People v. Freitas*, *supra*, 179 Cal.App.4th at p. 752 [modifying probation condition to prohibit knowing possession of a firearm or ammunition].)

### c.    *Vagueness Challenge to Condition No. 3*

Probation condition No. 3 reads:  "The defendant shall not visit or remain in any specific location which he/she knows to be or which the probation officer informs him/her is an area of criminal-street-gang-related activity."  Defendant maintains the phrase "area of criminal-street-gang-related activity" renders that condition unconstitutionally vague.  We disagree.

11

As an initial matter, we address the People's contention that defendant forfeited his challenge to probation condition No. 3 by failing to object below. In our view, defendant asserts a facial challenge that is cognizable on appeal even absent an objection.

This court approved the very language used in probation condition No. 3 in *People v. Leon* (2010) 181 Cal.App.4th 943 (*Leon*). And, in *People v. Barajas* (2011) 198 Cal.App.4th 748, this court rejected a vagueness challenge to an identical probation condition. There, another panel of this court reasoned that, "[w]hile reasonable minds may disagree about where criminal street gang activities occur, defendant cannot be found in violation of this condition for visiting an area of gang-related activity unless there is proof that *he* knew the nature of the location, *possibly* by learning it from his probation officer, or by some other means that can be proved up at a violation of probation hearing by a preponderance of the evidence. The knowledge condition suffices to give defendant fair warning of what areas to avoid and ensures that he will not be found in violation due to a factual mistake, accident, or misfortune." (*Id.* at pp. 759-760.) For the same reasons, we conclude that condition No. 3 is constitutional and requires no modification.

This court's decision in *In re H.C.* (2009) 175 Cal.App.4th 1067 does not conflict with *People v. Barajas*, as defendant suggests. In *In re H.C.*, we concluded that a probation condition prohibiting the minor from frequenting areas of gang related activity was vague, in part because the phrase "areas of gang-related activity" was too imprecise. (*Id.* at p. 1072.) In remanding the case to the trial court "to fashion a more precise order," this panel suggested that "[i]t would be altogether preferable to name the actual geographic area that would be prohibited to the minor and then to except from that certain kinds of travel, that is, to school or to work" or to prohibit the minor from visiting "any area known to him to be a place of gang-related activity." (*Ibid.*) Probation condition No. 3, and the condition approved in *People v. Barajas*, are consistent with

12

*In re H.C.* because they are limited to locations the probationer *knows* to be an area of criminal-street-gang-related activity.

### d.      Overbreadth Challenge to Condition No. 5

Probation condition No. 5, provides:  "The defendant shall not be present at any court proceeding where he/she knows or the probation officer informs him/her that a member of a criminal street gang is present or that the proceeding concerns a member of a criminal street gang unless he/she is a party, he/she is a defendant in a criminal action, he/she is subpoenaed as a witness, or he/she has the prior permission of the probation officer."  Defendant maintains that condition unduly restricts his First Amendment right to access court proceedings.  He requests that the condition be stricken or narrowed in two ways:  (1) limit the condition to prevent him from intimidating the victims or any "snitch" and (2) include an exception for attending court proceedings in which defendant or a member of his immediate family is a victim of the activity charged.

The People respond that the claim is forfeited and, alternatively, that the condition is not overbroad because "[c]ourts routinely uphold such restrictions where there is cause for gang-related probation conditions."  As noted, defendant is permitted to assert a facial challenge that does not depend on the facts of his case without having objected below.  While defendant advances some fact-based arguments, suggesting an as-applied challenge, we shall construe his challenge as a facial one and consider the merits of such a challenge.

*NBC Subsidiary* (*KNBC-TV*), *Inc. v. Superior Court* (1999) 20 Cal.4th 1178 extensively analyzed United States Supreme Court precedent before concluding that there is a First Amendment right of public access to court proceedings, both criminal and civil, (*id.* at pp. 1207-1209) and that court proceedings may be closed only in limited and specific circumstances.  (*Id.* at pp. 1217-1218.)  "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."

13

(*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  The People do not indicate what the condition's objective is, let alone attempt to show that the condition is narrowly tailored to that objective.  Defendant suggests the objective is to prevent him from threatening witnesses at gang-related proceedings and must be limited to specific witnesses—namely, the victims and any "snitch"—in order to be narrowly tailored.

Courts reviewing similar conditions have indicated they are "aimed at preventing the gathering of gang members to intimidate witnesses at court proceedings."  (*Martinez*, *supra*, 226 Cal.App.4th at p. 766; see *E.O.*, *supra*, 188 Cal.App.4th at p. 1155 ["It may be that the principal concern behind the challenged restrictions is prevention of intimidation by gang members of witnesses to or victims of crimes with which other gang members are charged."].)

In *Leon*, this court considered a probation condition restricting the probationer's attendance at court proceedings.  The condition at issue there prohibited the probationer from attending any court proceeding in which he was not a party or a subpoenaed witness without the permission of probation.  (*Leon*, *supra*, 181 Cal.App.4th at p. 952.)  The probationer in that case argued that the condition "should be modified to refer to court proceedings involving gang members only."  (*Ibid.*)  A panel of this court agreed.  However, it had no occasion to consider the argument asserted by defendant here:  that even that narrowed restriction is overbroad.  "It goes without saying that a decision is not authority for a point the rendering court did not address."  (*E.O.*, *supra*, 188 Cal.App.4th at p. 1156.)  Thus, we decline to read *Leon* as "decid[ing] that the condition as so modified was proof against any and all other objections that might be raised against it."  (*Ibid.*)

This court reviewed a slightly different probation condition restricting access to court proceedings in *E.O.*  The condition at issue there prohibited the minor from coming " 'within 25 feet of a Courthouse when the minor knows there are criminal or juvenile proceedings occurring which involves [*sic*] anyone the minor knows to be a gang

14

member or where the minor knows a witness or victim of gang-related activity will be present, unless the minor is a party in the action or subpoenaed as a witness or needs access to the area for a legitimate purpose or has prior permission from his Probation Officer.' " (*E.O.*, *supra*, 188 Cal.App.4th at p. 1152.) This court held that condition was overbroad. (*Id.* at p. 1157.) In reaching that conclusion, the panel noted that "[t]he prohibition on being *near* a *building* in which gang-related proceedings are known to be underway would prevent appellant not only from attending a gang-related trial but also from attending other proceedings in the same, and perhaps adjacent, buildings, or indeed from entering such a building . . . ." (*Id.* at p. 1155.) The panel further noted that the condition might infringe on the minor's "specific right under the state Constitution to attend and participate in court proceedings if he or a family member is a victim of a crime. . . ." (*Ibid.*, citing Cal. Const., art. I, § 28, subd. (b)(7).)

The *E.O.* panel struck the condition and remanded the matter to the trial court to "reconsider the necessity for, and thus the purpose of, the condition." (*E.O.*, *supra*, 188 Cal.App.4th at p. 1157.) In a footnote, the *E.O.* court suggested appropriate language if the trial court were to find a restriction on access to court proceedings justified.

Like the condition in *E.O.*, probation condition No. 5 infringes on defendant's right under the state Constitution to attend and participate in court proceedings if he or a family member is a victim of a crime. (Cal. Const., art. I, § 28, subd. (b)(7).) With judicial economy in mind, we opt to modify the existing condition to balance defendant's constitutional rights and legitimate concerns for the integrity of the judicial process. The modified condition, set forth in the disposition, largely follows the language suggested in *E.O.*

## III.   DISPOSITION

The judgment is modified as follows:

The names of Jane Doe's siblings are stricken from the protective order.

15

Probation condition No. 1 is modified to state: "You shall not knowingly possess, wear, or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandana, jacket, or other article of clothing that you know or the probation officer informs you is evidence of affiliation with or membership in a criminal street gang."

Probation condition No. 5 is modified to state: "You must not attend any court proceeding where you know, or the probation officer has informed you, a member of a criminal street gang will be present or that you know, or the probation officer has informed you, concerns a member of a criminal street gang unless at least one of these things is true: [¶] (1) You are a party to the case, including a defendant in a criminal action. [¶] (2) You are there to obey a subpoena, summons, court order, or other official order to attend. [¶] (3) You or a member of your immediate family is a victim of the activity charged in the case. [¶] (4) A party's attorney has asked you to testify or to speak to the court. [¶] (5) You have prior permission of the probation officer to attend. [¶] For purposes of this condition, criminal street gang is defined in section 186.22 of the Penal Code. You must not try to scare or otherwise cause anyone not to take part in a case involving a criminal street gang. This includes a witness, victim, juror, or court worker. You must not try to get any witness in any court case not to testify or to change their testimony."

The clerk of the superior court is directed to prepare an amended abstract of judgment to reflect these modifications and transmit a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

16

_____
      Premo, J.

WE CONCUR:

_____
    Rushing, P.J.

_____
     Elia, J.