Filed 12/28/21  P. v. Hazeen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>NAHID HAZEEN,<br><br>　　Defendant and Appellant. | H047550<br>(Santa Clara County<br>Super. Ct. Nos. 19AP002563,<br>C1773697) |

Defendant Nahid Hazeen pleaded no contest to misdemeanor sexual battery.  The trial court granted a three-year term of formal probation, the terms of which included 180 days in county jail and various fines and fees.

Hazeen contends his term of probation should be terminated under Assembly Bill No. 1950 (Assembly Bill 1950) and that we should vacate certain fines and fees under Assembly Bill No. 1869 (Assembly Bill 1869).  He further challenges a term of probation as unconstitutionally vague and overbroad.

For the reasons below, we conclude the Assembly bills apply retroactively, and we agree one of the terms of probation is impermissibly vague, requiring modifications to the terms of probation.  We will reverse the probation order and remand with instructions.

## I. Factual and Procedural Background

### A. Procedural Background

In October 2017, the prosecution charged Hazeen with two counts: count 1—lewd or lascivious act on a child under fourteen (Pen. Code, § 288, subd. (a))[1]; and count 2—sexual battery (§§ 242, 243.4, subd. (e)(1)). In July 2018, Hazeen pleaded no contest to misdemeanor sexual battery (§§ 242, 243.4, subd. (e)(1)). In accord with a plea agreement, the trial court granted a three-year term of formal probation including 180 days in county jail and various fines and fees in May 2019.

### B. Facts of the Offense

According to the probation report, the incident occurred at the Great America Theme Park in August 2017. Police received a report of a male inappropriately touching females in the wave pool. A 26-year-old woman told police Hazeen grabbed her buttocks for about five seconds. She then saw him rub his backside against a young girl. Hazeen told police the contact was accidental.

## II. Discussion

### A. Retroactivity of Assembly Bill No. 1950

As set forth above, the trial court granted a three-year term of probation in May 2019. Effective January 1, 2021, Assembly Bill 1950 amended section 1203a, reducing the maximum term of misdemeanor probation to one year. (§ 1203a, subd. (a), as amended by Stats. 2020, ch. 328, § 1.) Hazeen contends the change in law applies to him retroactively under *In re Estrada* (1966) 63 Cal.2d 740, and he asks that we terminate his probation. The Attorney General concedes that Assembly Bill 1950 applies retroactively to Hazeen. The Attorney General argues the proper remedy is a remand for the trial court to determine whether Hazeen has successfully completed probation, and to preserve Hazeen's ability to pursue expungement. The Attorney General further argues that

---

[1] Subsequent undesignated statutory references are to the Penal Code.

because the term of probation was the result of a plea agreement, the prosecution must be given the opportunity to withdraw under *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).

The Attorney General's concession on the retroactivity of Assembly Bill 1950 is well-taken. (*People v. Stewart* (2021) 62 Cal.App.5th 1065, 1073, review granted June 30, 2021, S268787 (*Stewart*) [Assembly Bill 1950 applies retroactively]; *People v. Sims* (2021) 59 Cal.App.5th 943, 964 [same]; *People v. Quinn* (2021) 59 Cal.App.5th 874, 883 [same].) Although those courts cited above considered the retroactivity of Assembly Bill 1950 in the context of felony probation, we see no reasoned distinction applicable to misdemeanor probation. Furthermore, Hazeen's case is not final. Accordingly, we adopt the holdings of those courts and conclude Assembly Bill 1950 applies retroactively to Hazeen's case as well.

We disagree with the parties, however, regarding the proper disposition. Hazeen argues that we should direct the trial court to terminate his probation, but as the Attorney General points out, we cannot tell from the record whether Hazeen complied with the terms of his probation while it was retroactively in force or whether the term of probation was tolled.[2] On remand, we will order the trial court to modify the term of probation in accord with the revised version of section 1203a, which would require termination of probation unless the court finds Hazeen did not successfully complete one year of the probationary period.

The Attorney General points out that the trial court granted formal probation in accord with a plea agreement. The Attorney General argues the proper remedy is a remand to the trial court to allow Hazeen the opportunity to seek the benefit of Assembly Bill 1950. The Attorney General argues that if the prosecution wishes to renegotiate the plea agreement in response to Hazeen seeking relief, it may do so, and that any plea is further subject to the court's approval. (See *Stamps*, *supra*, 9 Cal.5th at p. 702.) Hazeen

---

[2] The trial court granted *formal* probation with the requirement, among others, that Hazeen actively participate in a sex offender management program.

argues that we should adopt the contrary holding of *Stewart, supra,* 62 Cal.App.5th 1065, which distinguished Assembly Bill 1950 on the ground that its application by the trial court is not discretionary. (Cf. *Stamps*, *supra*, 9 Cal.5th at p. 708 [retroactively applying Senate Bill No. 1393, which gave trial courts discretion to strike a serious felony enhancement].)

We agree with the holding of *Stewart* on this point. "*Stamps* . . . had no occasion to consider the effect on a plea bargain of retroactive application of a law through which the Legislature directly affected a plea bargain by rendering one of its terms invalid. Where the ameliorative change in law is mandatory, the question is not whether the Legislature intended to allow the trial court to alter the terms of a plea bargain but whether the Legislature intended to, in effect, do so directly." (*Stewart*, *supra*, 62 Cal.App.5th at p. 1077.) We conclude the holding of *Stamps* is inapplicable in this instance, and we will therefore direct the trial court to modify the term of probation in compliance with the newly modified section 1203a, subdivision (a).

## B. *Vagueness of the Probation Condition Prohibiting Hazeen from Socializing with Any Person Who Has Physical Custody of a Minor*

The trial court imposed a probation condition, among others, requiring Hazeen not to "date, socialize with, or form a romantic relationship with any person who has physical custody of a minor unless approved by the probation officer." Hazeen contends the term "socialize" is unconstitutionally vague or overbroad. The Attorney General concedes that the term is vague and should be stricken.

The Attorney General's concession is well-taken. "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "A restriction failing this test does not give adequate notice—'fair warning'—of the conduct proscribed." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) In this instance,

4

the term "socialize" is too vague and imprecise to provide Hazeen with adequate notice of what conduct it prohibits, and is thus unconstitutional. (See *U.S. v. Wolf Child* (9th Cir. 2012) 699 F.3d 1082, 1101 [holding invalid a similar probation condition].) We will order the trial court to strike the phrase "socialize with" from this probation condition.

### C. Application of Assembly Bill No. 1869

Among other fines and fees, the trial court imposed a $129.75 booking fee under Government Code section 29550.1, a presentence investigation fee not to exceed $450, and a probation supervision fee not to exceed $110 per month under section 1203.1b. Hazeen contends that under Assembly Bill 1869 those fees are not collectible as of July 1, 2021, and he asks us to order the trial court to strike those fees. The Attorney General argues for a different remedy. He contends that as of July 1, 2021, the challenged fees automatically become uncollectable without the involvement of the courts. He argues that Hazeen is not entitled to relief for any fees he paid prior to January 1, 2021, and that only the portion of the judgment imposing costs that remain unpaid and outstanding should be vacated. For the reasons below, we conclude the plain language of Assembly Bill 1869 authorizes this court to vacate fees that remain unpaid as of July 1, 2021.

As to the booking fee, Government Code section 6111 now provides, "On and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to . . . [Government Code] [s]ections 29550.1 . . . as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Govt. Code, § 6111, subd. (a).) As to the presentence investigation fee and probation supervision fee, section 1465.9 now provides in part, "The balance of any court-imposed costs pursuant to Section . . . 1203.1b . . . as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (a).) "[B]y its plain terms the ameliorative changes of Assembly Bill 1869 apply retroactively to make any unpaid

5

portion of the identified assessments, as they existed on June 30, 2021, 'unenforceable and uncollectible' as of July 1, 2021. (Stats. 2020, ch. 92, §§ 11, 62.)." (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626.) "[A]lthough the unpaid balance of the identified fees is no longer enforceable and collectible, the statute *also* mandates that any portion of a judgment imposing those fees be vacated. Accordingly, based on the plain language of the statute, the unpaid balance of the probation supervision and criminal justice administration fees must be vacated." (*Id.* at pp. 626-627, footnotes omitted.) Hazeen argues that we should entirely vacate that portion of the judgment that imposed the fees, but the revised statutes only apply to the unpaid balances. (*People v. Clark* (2021) 67 Cal.App.5th 248, 261 [vacating judgment with directions to modify it by "striking any unpaid balance"].)

Accordingly, we will order the trial court to vacate any balances on the challenged fees that remain unpaid as of July 1, 2021.

### III.    DISPOSITION

The probation order is reversed. The matter is remanded to the trial court with directions to modify Hazeen's term of probation in accord with Penal Code section 1203a subdivision (a) as amended by Assembly Bill No. 1950, and to vacate any fees imposed under Government Code section 29550.1 and Penal Code section 1203.1b that remain unpaid as of July 1, 2021. If Hazeen remains on probation, the court shall strike the words "socialize with" from the probation conditions.

6

_____
Greenwood, P. J.

WE CONCUR:


_____
Danner, J.



_____
Wilson, J.



People v. Hazeen
No. H047550