Filed 2/24/15  In re Paige W. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re PAIGE W., a Person Coming Under the Juvenile Court Law. | D066037 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J230410) |
| v. | |
| PAIGE W., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Aaron H. Katz, Judge.  Affirmed as modified and remanded.

Michelle C. Zehner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court found true allegations that Paige W. (the Minor) committed two misdemeanor offenses: unlawful use of force (Pen. Code,[1] § 242) and fighting in a public place (§ 415, subd. (1)). The Minor was declared a ward of the court and placed on probation.

The Minor appeals challenging only several of the conditions of her probation. Although the Minor did not object to any of the challenged conditions in the juvenile court, she now argues that five of the conditions are either overbroad or unconstitutionally vague.

The People agree that four conditions should be modified and the parties agree on the proposed modifications. The parties also agree that one of the conditions must be remanded to the juvenile court for clarification. As to one of the conditions the People contend the condition is neither vague or overbroad.

STATEMENT OF FACTS

Since the Minor does not challenge the admissibility or the sufficiency of the evidence to support the true findings we will simply adopt the very brief summary of facts from the respondent's brief.

In a dispute with a neighbor in Spring Valley, the Minor pushed a woman to the ground. The woman struck her head on a rock and suffered a bleeding laceration to the back of her head. Appellant fled.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

The Minor later admitted to an investigating officer that she pushed the woman because the Minor was "upset."

DISCUSSION

The juvenile court has broad discretion to impose reasonable conditions of probation for the purpose of rehabilitating a juvenile offender. (Welf. & Inst. Code, § 730, subd. (b); *In re Victor L.* (2010) 182 Cal.App.4th 902, 910.) However, a court may not impose conditions that are so vague that it is unclear what the probationer is supposed to do, or avoid doing. (*In re Sheena K.* (2007) 40 Cal.4th 875, 889-890; *In re Victor L., supra*, at p. 910.)

Similarly, the juvenile court may not impose conditions that are so overbroad as to fail to give the probationer fair warning of the requirements, or where the condition abridges constitutional rights beyond that which is necessary for rehabilitation. (*In re Sheena K., supra,* 40 Cal.4th at p. 890; *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) The juvenile does not forfeit a facial challenge to the constitutionality of a probation condition by failing to raise the issue in the juvenile court. (*In re Sheena K., supra*, at pp. 884-888.)

A

The first two challenged conditions require: "The minor shall not leave the County of San Diego without permission of the Probation Officer" and "the minor shall not use or possess alcohol, a controlled substance, or any substance the minor knows or reasonably should know is a mind altering substance without a valid prescription." The Minor contends the conditions are vague and overbroad. The People agree that the

3

condition regarding travel outside the county should be modified to the condition which prohibits the Minor from knowingly traveling outside the county without the permission of the probation officer.

The People also agree the condition relating to possession of substances is vague. It does not contain a knowledge limitation. We are empowered to modify conditions of probation on appeal. (*In re Sheena K., supra*, 40 Cal.4th at p. 892.) We therefore order that the condition of probation regarding possession of substances be modified to provide that the Minor may not knowingly possess the items described. The travel condition must likewise be modified to provide that the Minor must not knowingly travel outside of San Diego County without the probation officer's permission.

B

The next challenged condition provided that the Minor "shall have no negative direct or indirect contact" with the victim or her family. The Minor contends, and the People agree, the condition is vague as to what constitutes "negative direct or indirect contact." We agree.

The People have suggested that the condition be modified as follows: "The minor shall have no negative direct or indirect contact with the victim or her family, which includes not harassing, annoying, molesting, threatening, injuring, intimidating, attacking, battering, assaulting, stalking, destroying the personal property of, unlawfully taking the personal property of, disturbing the peace of, or blocking the movements of the victim or her family."

4

The modified condition is consistent with other stay away orders which courts have used. Since the Minor lives next to the victim she cannot reasonably be required to stay certain distances from the victim. The proposed modification provides the Minor with an adequate definition of negative contact. The condition is necessary to aid the Minor in avoiding contact with the victim that might lead to probation violation. We direct the juvenile court to modify the condition of probation dealing with "negative contact" in the fashion we have set forth above.

## C

The next challenged condition requires the Minor to maintain "satisfactory citizenship" in school. Once again the parties agree the condition is vague. There is no definition as to what would or would not constitute such citizenship. We agree with the parties that this condition must be remanded to the juvenile court for clarification of the meaning of the terms used.

## D

The last challenged condition relates to the use of password protected Internet sites and directs the Minor to provide any passwords to the probation officer. The Minor argues the condition is internally inconsistent and vague. We disagree.

There was a sound basis for the court's concern about the use of the Internet. Even defense counsel recognized the Minor had placed pictures of herself using alcohol and other substances on social media sites. The court agreed with the Minor's request to continue to use the Internet, but recognized her rehabilitation required access by the

probation officer to her computer practices. She does not challenge the reasonableness of the condition.

We start with the claim the condition is internally inconsistent because it forbids the use of password protected sites, but also requires disclosure of passwords. These are two different thoughts. First, she may not use password protected functions on any file or computer. The condition does not prevent her from otherwise using passwords on her computer, it simply requires her to disclose the passwords so she can be monitored.

Certainly the condition is not vague. It is explicit as to what the Minor must and must not do.

In the alternative, the Minor argues the condition is overbroad and infringes on her First Amendment rights. We again disagree. All she is required to do is to use the Internet in a fashion that will allow appropriate monitoring. Here, the defense agreed her past computer use to display substance abuse was a problem, but successfully argued for monitored use of computers. The condition does not improperly intrude on any protected right.

## DISPOSITION

The case is remanded to the juvenile court to modify the conditions of probation as set forth in this opinion. The court is directed to conduct further proceedings to clarify

6

the meaning of "satisfactory citizenship" or to strike the condition as the court finds appropriate.  In all other respects the order of the juvenile court is affirmed.


                                                          HUFFMAN, Acting P. J.

WE CONCUR:


                        NARES, J.


                  McDONALD, J.


7