Filed 1/22/21  P. v. Ayon CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO AYON,<br><br>    Defendant and Appellant. | D076499<br><br><br>(Super. Ct. No. SCD272999) |


APPEAL from a judgment of the Superior Court of San Diego County, Polly H. Shamoon, Judge.  Affirmed.

Karissa Adame, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal, appellant Fernando Ayon challenges only the probation condition, which makes his various electronic devices subject to search.  He contends the condition in this case is overbroad and has no nexus with the

underlying convictions. Applying the reasoning of the controlling California Supreme Court opinion *In re Ricardo P.*(2019) 7 Cal.5th 1113 (*Ricardo P.*) and constitutional overbreadth principles, we will find the court appropriately balanced the intrusion into Ayon's privacy against the desire to prevent Ayon's future criminality and that the search condition was reasonably tailored to the need for oversight in this specific case. We therefore will affirm the judgment.

PROCEDURAL BACKGROUND

Ayon pleaded guilty to three offenses arising from his fraudulent use of a contractor's license and misrepresentations to obtain money from an elderly victim. Specifically, Ayon pleaded guilty to fraudulent use of a contractor's license (Bus. & Prof. Code, § 7027.3; count 5); failure to secure payment of compensation (Lab. Code, § 3700.5, subd. (a); count 6); and contracting without a license (Bus. & Prof. Code, § 7028, subd. (a); count 7). The remaining charges and allegations were dismissed as part of the plea agreement.

Sentencing was delayed for almost a year to permit Ayon to make restitution and, thus, receive a lower sentence. By the time of sentencing, Ayon had not made any effort to obtain full-time employment and was only working part-time doing odd jobs. He claimed he suffered from stress and anxiety.

The court granted Ayon formal probation subject to serving 180 days in work furlough and a number of other conditions. Ayon appeals challenging only the electronic search condition based on the argument the condition is constitutionally overbroad. Ayon does not raise a facial challenge to the condition.

2

STATEMENT OF FACTS

This appeal is from guilty pleas. The factual summaries in the briefs are taken from the probation report. Since there is no factual dispute in this case, we will adopt the summary of facts contained in Ayon's opening brief.

Ayon, while falsely representing himself as a licensed contractor, agreed to complete certain projects as part of a home remodel. The homeowner and her daughter paid Ayon at least $56,000 over two months. During the reconstruction, he used his cell phone to document the payments received and the money he spent on supplies and labor costs. Ayon managed the project from offsite, paying a handful of men to work on the remodel. He communicated with the homeowners on the phone to coordinate meeting times and discuss matters related to the remodel. Ayon and the laborers ceased working before finishing numerous projects.

DISCUSSION

A. Legal Principles

The search condition imposed by the court required Ayon to "[s]ubmit person, vehicle, residence, property, personal effects, computers, and recordable media including electronic devices to search at any time with or without a warrant, and with or without reasonable cause, when required by the P.O. or law enforcement officer." Defense counsel objected, arguing there was no nexus for the condition regarding the crimes and the condition was overbroad. The court overruled the objection stating in part:

> "6(n) will include all electronic devices and pass codes with the exception of any medical records within those electronic devices.

> "In this case, for a long period of time, Mr. Ayon would take money from the victim for work that he did not do. He would then communicate with other people, allegedly, in his team of employees to get work done. And it was, in fact,

not done in many instances.  He put the house in a worse situation than where it started, namely the roof.

> "But because there is going to be a full no contact order with the victims in this case, and because the Court wants to make sure that he is compliant with probation and not contacting people for illegal work, as he was doing in this case, the Court is extending the 4th Amendment waiver to all electronic devices.  Hopefully that will keep Mr. Ayon compliant on probation."

In acknowledgement of the overbreadth argument, the court excluded medical records from the search condition.

When a probation condition is challenged as improper, we apply the abuse of discretion standard of review.  (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118; *People v. Olguin* (2008) 45 Cal.4th 375, 384.)  In *People v. Lent* (1975) 15 Cal.3d 481, the court held that a probation condition should not be found invalid unless it " '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, at p. 486.)  In *Olguin*, the court held such requirements are conjunctive, that is all must be found to apply before invalidation under *Lent* would occur.  (*Olguin*, at p. 379.)

In *Ricardo P.*, the court examined the *Lent* and *Olguin* formula in the context of searches of electronic devices.  The court recognized the significant privacy interests persons have in their communications and stored data. Following the policy discussions in *Riley v. California* (2014) 573 U.S. 373, the court determined the *Lent* analysis must also consider the proportionality of the intrusion into protected interest as opposed to the importance of such intrusions to prevent future criminality. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1128.)  In that case, there was no nexus between the crime and the search

4

of electronic devices. The condition was imposed to aid in monitoring the minor's compliance with probation. The court held the condition's intrusion was disproportionate to the hoped-for general compliance with probation.

Related to but distinct from a *Ricardo P./Lent* analysis, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*); *In re Victor L.* (2010) 182 Cal.App.4th 902, 910 ["conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation"].) Although there must be a reasonably close fit between the condition and its purpose, we must bear in mind that "that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) Facial overbreadth arguments that involve pure questions of law can be raised for the first time on appeal. (*Sheena K.*, at p. 888; *People v. Patton* (2019) 41 Cal.App.5th 934, 946 (*Patton*).) But appellate overbreadth challenges that depend on the facts of the particular case—an as-applied challenge—are forfeited unless an objection was first made in the trial court. (*Patton*, at p. 947.)

## B. Analysis

The questions presented in this case are whether probation condition 6n, permitting warrantless search of Ayon's electronic devices, is valid under the test established by our Supreme Court in *Ricardo P.* and whether it is sufficiently tailored to the legitimate interests in rehabilitation and preventing future criminality to survive an as-applied overbreadth challenge. We are satisfied the answer is yes.

There is a nexus between the condition and the crimes in this case and in the manner of the commission of those crimes. (See *Patton, supra,* 41 Cal.App.5th at pp. 944-945.) It is not disputed that the conduct of Ayon's fraudulent contracting scheme involved extensive use of an electronic device. It was used to communicate the scheme, record costs, and locate alleged employees. In short, use of communication and data storage was integral to the way the crimes were carried out. Clearly, the trial court could believe Ayon may return to his unlawful activity and electronic devices would likely be used. After a year of delays to permit Ayon to start the restitution process and to justify a reduced sentence, he had done literally nothing to deal with his responsibility.

Moreover, the electronic search condition here is closely tailored to proper considerations involved in supervising Ayon and assuring that he remains law abiding. The court had imposed a no contact order with regard to the victims. To assure compliance with that order, and that Ayon was not soliciting work from new potential victims, the court deemed it necessary to have oversight of his electronic communications and data storage. The court had limited the search condition to exclude any medical data, thus attempting to keep the condition as narrow as possible, given the history of

6

the use of such devices to commit the type of offenses which were involved in this case.

Ayon contends that permitting review of his email, social media posts, website searches, and photographs is unnecessary and overbroad because none were involved in the facts of his criminal conviction. But it hardly requires a fertile imagination to appreciate how Ayon might switch to using email or social media to contact potential victims if he knew that only his phone calls and texts were subject to monitoring. Likewise, website searches and photographs could easily provide evidence that Ayon was again engaged in unlicensed contracting.

We are satisfied the trial court acted well within its discretion to impose the search condition and that such condition, based on the circumstances of this case, was lawful.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

DATO, J.