Filed 9/14/21  P. v. Hart CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br>v.<br>RICHARD MAX HART,<br><br>      Defendant and Appellant. | A159388<br><br>(Contra Costa County<br>Super. Ct. No. 5-190738-5) |

Defendant Richard Max Hart appeals his conviction for failing to perform a legal duty following a car accident that caused injury. He contends the court erred in failing to modify a pattern instruction and that there is no substantial evidence to support his conviction. He also challenges a condition of probation requiring him to submit to warrantless searches of his person and vehicle for evidence that he is properly licensed and insured. We find no error and conclude that the search condition is neither unreasonable nor overbroad. Accordingly, we shall affirm the judgment and the conditions of defendant's probation.

## Background

Defendant was charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), and hit-and-run driving causing serious injury (Veh.

1

Code,[1] § 20001, subd. (b)(2)). As to the assault charge, the information further alleged that defendant inflicted great bodily injury on the victim (Pen. Code, § 12022.7, subd. (a)). The jury acquitted defendant of both counts but found him guilty of the lesser included offense of failing to perform a legal duty following a car accident that caused injury (§ 20001, subd. (b)(1)).[2] The trial court suspended imposition of sentence and placed defendant on formal probation for two years on the condition that he serve 90 days in jail.

The following evidence was presented at trial:

---

[1] All statutory references are to the Vehicle Code unless otherwise noted.

[2] Section 20001, subdivision (a) requires, as relevant here, that "[t]he driver of a vehicle involved in an accident resulting in injury to a person, other than himself or herself, . . . shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Section[] 20003." Section 20001 subdivision (b)(1) provides the punishment for a violation of subdivision (a) and subdivision (b)(2) provides for an increased punishment where "the accident . . . results in death or permanent, serious injury."

Section 20003, subdivision (a) requires the driver to "give his or her name, current residence address, the names and current residence addresses of any occupant of the driver's vehicle injured in the accident, the registration number of the vehicle he or she is driving, and the name and current residence address of the owner to the person struck or the driver or occupants of any vehicle collided with, and shall give the information to any traffic or police officer at the scene of the accident. The driver also shall render to any person injured in the accident reasonable assistance, including transporting, or making arrangements for transporting, any injured person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if that transportation is requested by any injured person." Subdivision (b) of section 20003 required further that the driver, "upon being requested, exhibit his or her driver's license, if available, or, in the case of an injured occupant, any other available identification, to the person struck or to the driver or occupants of any vehicle collided with, and to any traffic or police officer at the scene of the accident."

Defendant and a coworker (the victim) engaged in a verbal dispute at their workplace, which became a physical dispute in the parking lot after they were asked to leave work for the day. After they were informed that the police had been called, the victim walked toward the exit of the parking lot and defendant got into his car and drove towards the exit of the parking lot.

According to the victim's testimony, as he was walking away he saw, out of the corner of his eye, defendant's car speeding toward him. He tried to move out of the way but was unable to avoid the car. Another coworker testified that he saw defendant's car swerve in the victim's direction. The car struck the victim, causing him to land on the hood of the car, roll off the hood and land on the ground by the passenger's side of the vehicle. The victim was clearly injured and his supervisor called an ambulance.

After the collision, defendant drove out of the parking lot, pulled over, and walked back to check on the victim. About three to five minutes later, defendant returned to his car and left the scene. The police and an ambulance arrived after he left.

Defendant testified that he and the victim generally did not get along and that he would try to avoid him at work. On the day of the accident, the victim started the verbal disagreement and physically assaulted him in the parking lot. He testified that he was scared because "there were three employees observing, and nobody intervened." He tried to get away but the victim kept attacking him. After his supervisor called the police and the victim started walking away, he ran to his car. As he was driving out of the parking lot, the victim ran in front of his car and he was unable to brake in time to avoid striking him. He pulled over to check on the victim but when he asked the victim why he had jumped in front of the car, the victim threatened him and his family. Several of his coworkers also approached and started

3

yelling at defendant. Fearing that they would attack him for having accidentally struck the victim with his car, defendant ran back to his car and drove home.

About an hour after the accident, officers located defendant in a car being driven by defendant's wife. Following his arrest, defendant told the officers that he initially stopped his car after the collision but decided to drive home when he heard his supervisor say that the police had been called. He believed he was in trouble and wanted to tell his wife he would be going to jail. Defendant told the officers that, at the time of his arrest, he and his wife were on their way to the parking lot so that defendant could turn himself in to the police.

## Discussion

1. *The jury was properly instructed.*

The jury was instructed pursuant to CALCRIM No. 2140, in relevant part, as follows: "To prove that the defendant is guilty of [failing to perform a legal duty following a vehicle accident that caused injury to another person], the People must prove that: [¶] 1. While driving, the defendant was involved in a vehicle accident; [¶] 2. The accident caused injury to someone else; [¶] 3. The defendant knew that he had been involved in an accident that injured another person or knew from the nature of the accident that it was probable that another person had been injured; [¶] AND [¶] 4. The defendant willfully failed to perform one or more of the following duties: [¶] (a) To stop immediately at the scene of the accident; [¶] (b) To provide reasonable assistance to any person injured in the accident; [¶] (c) To give to the person struck or any peace officer at the scene of the accident all of the following information: [¶] · The defendant's name and current residence address; [¶] AND [¶] · The registration number of the vehicle he was driving. [¶] AND [¶]

4

(d) When requested, to show his driver's license to the person struck or any peace officer at the scene of the accident. [¶] Someone commits an act *willfully* when he or she does it willingly or on purpose. It is not required that he or she intend to break the law, hurt someone else, or gain any advantage. [¶] The duty to *immediately stop* means that the driver must stop his or her vehicle as soon as reasonably possible under the circumstances. [¶] To *provide reasonable assistance* means the driver must determine what assistance, if any, the injured person needs and make a reasonable effort to see that such assistance is provided, either by the driver or someone else. *Reasonable assistance* includes transporting anyone who has been injured for medical treatment, or arranging the transportation for such treatment, if it is apparent that treatment is necessary or if an injured person requests transportation. The driver is not required to provide assistance that is unnecessary or that is already being provided by someone else. However, the requirement that the driver provide assistance is not excused merely because bystanders are on the scene or could provide assistance."

As particularly relevant here, the CALCRIM No. 2140 pattern instruction continues, "The driver of a vehicle must perform the duties listed regardless of who was injured and regardless of how or why the accident happened." Defendant contends the court erred in refusing to modify this sentence to read: "The driver of a vehicle must perform the duties listed, *if reasonably possible under the circumstances*, regardless of who was injured and regardless of how or why the accident happened." He contends the modification was critically necessary for the jury's consideration of his defense that "he was not guilty of violating section 20001 because he immediately stopped his car after the accident, fully intending to stay and

provide [the victim] with his information, but was unable to because he was in immediate fear for his safety."

The Attorney General argues that the requested modification is not a correct statement of the law and that in any event, any potential error was harmless in light of the court's instruction on legal necessity. As the Attorney General notes, the jury was instructed pursuant to CALCRIM No. 3403 on legal necessity as follows: "The defendant is not guilty of . . . the lesser crime of failing to perform a legal duty following a vehicle accident that caused injury to another person, if he acted because of legal necessity. [¶] In order to establish this defense, the defendant must prove that: [¶] 1. He acted in an emergency to prevent a significant bodily harm or evil to himself; [¶] 2. He had no adequate legal alternative; [¶] 3. The defendant's acts did not create a greater danger than the one avoided; [¶] 4. When the defendant acted, he actually believed that the act was necessary to prevent the threatened harm or evil; [¶] 5. A reasonable person would have believed that the act was necessary under the circumstances; [¶] AND [¶] 6. The defendant did not substantially contribute to the emergency. [¶] The defendant has the burden of proving this defense by a preponderance of the evidence. This is a different standard of proof than proof beyond a reasonable doubt. To meet the burden of proof by a preponderance of the evidence, the defendant must prove that it is more likely than not each of the six listed items is true."

There was no error in refusing to modify the instruction. Defendant's reliance on *People v. Flores* (1996) 51 Cal.App.4th 1199 is misplaced. In that case, the defendant was involved in an accident that caused injury to another person. (*Id.* at p. 1201.) Although defendant was rendered unconscious by the collision, when she woke after several minutes, she left the scene of the accident without fulfilling her statutory duties. (*Id.* at pp. 1201-1202.) On

6

appeal, the court affirmed her conviction and rejected defendant's argument that she could not be held liable under section 20001 because "section 20001 requires her to perform the duties specified in section 20003 only at the scene of the accident" and that "she was relieved of her obligations under section 20001 because she remained unconscious until after the accident scene was cleared." (*Id.* at pp. 1203-1204.) The court explained, "Section 20001 requires a driver involved in an injury accident to do two things: stop and fulfill the requirements of section 20003. Neither statute expressly limits the time or place for fulfilling the requirements of section 20003 to the scene of the accident. We must give penal statutes a reasonable and common sense construction. [Citation.] Implicit in both statutes is the obligation of the driver to fulfill their requirements as soon as reasonably possible. [¶] If a driver is unconscious, obviously she will not be able to comply with the requirements of section 20003 at the scene of the accident. Nevertheless, the literal terms of the statute apply to the unconscious driver. [Citation.] The reason the unconscious driver is excused from performing under the statute is that the law does not require the impossible. [Citation.] When the driver regains consciousness, compliance is no longer impossible and she must comply with the disclosure requirements of the statute as soon as reasonably possible." (*Id.* at p. 1204.)

Here, defendant did not argue that it was physically impossible for him to provide the required information at the scene of the accident. He argued that his duty to do so was excused because he was in immediate fear for his safety. The instruction on legal necessity fully instructed the jury on the law relevant to that defense. Therefore there was no need for the modification. (*People v. Moon* (2005) 37 Cal.4th 1, 31 [trial court may properly deny a defendant's requested instruction if it is duplicative of other instructions

already given].) Moreover, because defendant's defense was properly considered and rejected by the jury in connection with the legal necessity instruction, any possible error was harmless.

    2. *Substantial evidence supports defendant's conviction.*

Defendant contends that the prosecution failed to present sufficient evidence that he failed to perform a legal duty following an accident causing injury. He argues, "To the contrary, the evidence reflects that [he] brought his car to an immediate stop after the accident, and that [the victim] received prompt assistance. The evidence further showed that it was not reasonably possible for [him] to give [the victim] his information due to the circumstances of the case, and in any event [the victim] already had most of the information [he] was required to give him under section 20001." The Attorney general agrees that defendant stopped his vehicle after the accident but argues that there is sufficient evidence that defendant either failed to render reasonable assistance or failed to provide the required information. We need not determine whether defendant violated his duty to render reasonable assistance to the victim because the evidence is both undisputed and substantial that defendant left the scene of the accident without providing the required information to the victim.

Initially, whether or not defendant's testimony would have supported a finding of legal necessity, other witnesses testified that defendant was the aggressor and disputed his characterization of the scene after the accident. The jury was entitled to credit the testimony of these witnesses in rejecting defendant's argument that his performance under the statute was not excused.

Similarly, defendant's performance is not excused by the fact that the victim might have already known some of the information and could have

8

obtained defendant's contact information through other means. Contrary to defendant's argument, there is no evidence in the record that the victim already knew "most of the information" that defendant was required to provide under the statute. The victim testified that although he and defendant had worked together at the warehouse for several months before the incident, they both were temporary employees and the victim neither knew defendant's last name nor had his personal contact information. More importantly, although the victim might have obtained defendant's contact information from their employer, nothing in the statute excuses the driver's performance if the injured party can obtain the relevant information by other means. The failure to perform a legal duty following a vehicle accident that caused injury is a general intent crime. (*People v. Scheer* (1998) 68 Cal.App.4th 1009, 1019.) Defendant's belief that the victim could obtain his contact information some other way is irrelevant to his commission of the crime. (See *People v. Mendoza* (1998) 18 Cal.4th 1114, 1131-1134 [defendant's mental state is irrelevant to that offense].)

Accordingly, substantial evidence supports defendant's conviction.

3. *The limited search condition imposed by the court is permissible.*

At sentencing, the court imposed conditions of probation prohibiting defendant from operating a vehicle unless he is properly licensed and insured and requiring him to submit his person and any vehicle under his control to search and seizure at any time of the day or night by a peace officer for evidence that he is properly licensed and insured. On appeal, defendant contends that the search condition is unreasonable under *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and unconstitutionally overbroad as applied. We disagree.

9

Under *Lent*, a "condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*People v. Lent, supra,* 15 Cal.3d at p. 486.) The "test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*People v. Olguin* (2008) 45 Cal.4th 375, 379.) In *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122, the court reaffirmed the *Lent* framework and explained that the third prong requires a "degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition."

The condition of probation imposed here is related to defendant's crime. Section 20003 expressly requires the driver in an accident involving injury to provide the injured person with proof of registration and, if asked, to provide proof of a valid driver's license. In addition, the court reasonably required defendant to maintain current insurance on any vehicle he drives. Sections 4462, 12951 and 16028 require a driver to present a driver's license and evidence of vehicle registration and financial responsibility upon the command of a peace officer under varying circumstances. The condition of probation requiring that defendant "obey all laws" incorporates these requirements into the terms of defendant's probation. The limited search condition imposed by the court facilitates the monitoring of compliance with these conditions. Moreover, if the documents are demanded by an officer, a search can be avoided by presentation of the requested documents. Accordingly, the condition is not unreasonable.

Nor is the search condition unconstitutionally overbroad. "A probation condition that imposes limitations on a person's constitutional rights must

closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) The search condition imposed in this case is limited and sufficiently tailored to meet the legitimate purpose for which it was imposed.

## Disposition

The judgment is affirmed.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
BROWN, J.

11