Filed 12/8/21  P. v. Magana CA2/7
Opinion on remand from Supreme Court
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WUENDY M. MAGANA et al.,<br><br>    Defendants and<br>    Appellants. | B280357<br><br>(Los Angeles County<br>Super. Ct. No. PA083962) |

APPEALS from judgments of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge. Affirmed.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant Wuendy M. Magana.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant Maria Clemencia Estrada.

Xavier Becerra, Rob Bonta, Attorneys General, Gerald A. Engler, Lance E. Winters, Chief Assistant Attorneys General, Lance Winters, Susan Sullivan Pithey, Senior Assistant

Attorneys General, Zee Rodriguez, Supervising Deputy Attorney General, Steven E. Mercer, Noah P. Hill and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Wuendy M. Magana and Maria Clemencia Estrada pleaded no contest to the charge of transporting a controlled substance and were given a split sentence of jail time followed by mandatory supervision. This is the third time we have considered their appeals challenging as unconstitutional the electronics search condition imposed as a requirement of mandatory supervision. We vacated our initial opinion rejecting their constitutional argument and affirming the judgments following the Supreme Court's grant of review and transfer to this court with instructions to reconsider our decision in light of the Court's opinion addressing a related issue in *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1128 (*Ricardo P.*). We again upheld the search condition and affirmed the judgments. We now vacate that second opinion and, at the Supreme Court's direction, reconsider Magana and Estrada's appeal in light of *People v. Bryant* (2021) 11 Cal.5th 976 (*Bryant*). We once again uphold the search conditions and affirm the judgments.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Magana and Estrada's No-contest Pleas and Sentence*

On July 22, 2015 Los Angeles County Sheriff's Deputy John Leitelt conducted a traffic stop of an SUV in the area of Interstate 5 north of Castaic. Magana was in the driver's seat; her sister, Estrada, was in the front passenger seat. After receiving permission to search the vehicle, Leitelt opened a black suitcase in the rear storage area of the SUV and found

five wrapped packages containing a total of 4.992 kilograms of cocaine.  Leitelt also found four cell phones in the SUV.

Magana and Estrada were charged with the sale or transport of a controlled substance (Health & Saf. Code, § 11352, subd. (a)), with a special allegation that the weight of the controlled substance exceeded four kilograms (Health & Saf. Code, § 11370.4, subd. (a)(2)).  After initially pleading not guilty prior to an unsuccessful motion to suppress evidence, Magana and Estrada each pleaded no contest to the charge of transporting a controlled substance and admitted the special allegation the controlled substance exceeded four kilograms by weight.

The trial court sentenced both Magana and Estrada to eight-year terms in county jail (the lower term of three years for the substantive offense plus five years for the weight enhancement), but suspended execution of five years on each sentence and placed both women on mandatory supervision for five years pursuant to Penal Code section 1170, subdivision (h)(5).  (See generally *Bryant, supra*, 11 Cal.5th at pp. 982-983 [the 2011 Realignment Act (Stats. 2011, ch. 15, § 1) authorized in Penal Code section 1170, subdivision (h)(5), a hybrid sentence of jail time followed by mandatory supervision, a category of supervision distinct from both probation and parole].)

One of the conditions of mandatory supervision imposed by the court required Magana and Estrada to "submit their person and property to search and seizure at any time of the day or night by any probation officer or other peace officer, with or without a warrant, probable cause, or reasonable suspicion.  And this search and seizure condition involves their person, residence, vehicles, electronic information, and personal belongings.  And

3

[as to the] property subject to search and seizure, which includes any electronic devices owned or possessed by the defendants, they are consenting to provide passwords and any access to those phones or other electronic devices as a condition of this search and seizure. And that's pursuant to California Electronics Communication Privacy Act."[1]

Neither Magana nor Estrada objected to this (or any) condition the court imposed for the five-year period of mandatory supervision.

2. *The History of Magana and Estrada's Appeal Challenging the Electronics Search Condition*

In May 2019 we affirmed the judgment, rejecting Magana and Estrada's argument the electronics search condition was unconstitutionally overbroad in violation of the Fourth

---

[1] The search condition as recorded in the court's minute orders is slightly different: "[S]ubmit your person and property to search and seizure at any time of the day or night, by any probation officer or other peace officer, with or without a warrant, probable cause or reasonable suspicion. [¶] As part of your supervision, whether probation, mandatory supervision, community supervision or parole, you will be required to submit your person, residence, vehicle, electronic information, and personal belongings to search or seizure, at any time of the day or night, with or without probable cause by any law enforcement officer. You will also be waiving all rights under the Electronic Communications Privacy Act specified in Penal Code section 1546 through 1546.4 for the duration of your supervision period." The court's oral pronouncement of the condition, which included the requirement that Magana and Estrada provide passwords for their electronic devices, controls over the clerk's minute order. (See *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Mullins* (2018) 19 Cal.App.5th 594, 612.)

Amendment to the United States Constitution. In July 2019 the Supreme Court granted Magana's and Estrada's petitions for review and deferred further action pending its consideration of a related issue in *In re Ricardo P.*, S230923, which involved the question whether an electronics search condition imposed as a condition of probation in a juvenile wardship proceeding was reasonably related to the juvenile's "future criminality" within the meaning of *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). (See *Lent*, at p. 486 [articulating a case-by-case three-prong test to determine whether a probation condition is unreasonable].) A divided Supreme Court held in *Ricardo P.* that, based on the record before it, the electronics search condition was not reasonably related to future criminality, the third prong of the *Lent* test, and was therefore invalid. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1128.) The Court majority did not reach the question of overbreadth. (See *id.* at p. 1118.)

Following its decision in *Ricardo P.*, the Supreme Court transferred Magana and Estrada's case to us with directions to vacate our prior decision and reconsider the matter in light of its decision in *Ricardo P.* We once again affirmed the judgment in January 2020, rejecting Magana and Estrada's overbreadth challenge. Among the grounds for our decision, we held individuals on mandatory supervised release possess a diminished privacy interest comparable to that of parolees rather than probationers. (*People v. Magana* (Jan. 27, 2020, B280357) [nonpub. opn.].) We further held that, unlike in *Ricardo P.*, the electronics search condition in this case bore a reasonable relationship to the crime of transporting a controlled substance and furthered the state's interest in preventing future criminality. We explained any challenge to the search condition

5

other than facial overbreadth had been forfeited based on Magana and Estrada's failure to object to the condition at sentencing.

The Supreme Court granted Magana and Estrada's petitions for review and subsequently transferred the matter to this court for reconsideration in light of its decision in *Bryant*, *supra*, 11 Cal.5th 976, which held the privacy interest at issue for those on mandatory supervision is more akin to that possessed by probationers than parolees. (*Id.* at pp. 983, 985-986.) The *Bryant* Court further held the *Lent* case-by-case analysis for reasonableness of probation conditions applies to conditions of mandatory supervision just like conditions of probation. (*Bryant,* at p. 983.) Although not included in the Supreme Court's transfer order, we again vacate our prior decision in the case at bar to fully reconsider Magana and Estrada's overbreadth challenge in accordance with the Court's most recent pronouncements in *Bryant*.[2]

## DISCUSSION

1. *Governing Law*

In *Bryant* the Supreme Court resolved a question not directly addressed by the Legislature in the 2011 Realignment Act, namely, how the validity of mandatory supervision conditions are to be reviewed. (See *Bryant*, *supra*, 11 Cal.5th at p. 983 ["The Realignment Act does not speak directly to how the validity of mandatory supervision conditions are to be assessed"].) The Court held the *Lent* test, historically used to

---

[2]     Estrada and the Attorney General filed supplemental briefs addressing the Court's decision in *Bryant*. Magana joined Estrada's arguments.

6

evaluate the reasonableness of conditions of probation, should also be employed "in this new context." (*Ibid.* ["[Our] review of the statutory provisions governing mandatory supervision reveals a scheme similar to that governing probationers with respect to conditions of release. The balance of interests between effective supervision and an individual's privacy concerns does not substantially differ between probation and mandatory supervision settings"].)

      a. *Statutory limits on sentencing court's discretion to impose conditions of probation*

A sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions. (*Bryant, supra,* 11 Cal.5th at p. 984; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) Penal Code section 1203.1, subdivision (j), authorizes the sentencing court to impose conditions on a criminal defendant released on probation that are "fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." The conditions the court may impose, however, are not unlimited. "'[A] condition of probation must serve a purpose specified in the statute,' and conditions regulating noncriminal conduct must be "'reasonably related to the crime for which the defendant was convicted or to future criminality."'" (*People v. Moran* (2016) 1 Cal.5th 398, 403.)

In *Lent*, *supra*, 15 Cal.3d at page 486 the Court explained "[t]he Legislature has placed in trial judges a broad discretion in the sentencing process, including the determination as to whether probation is appropriate and, if so, the conditions

7

thereof. (Pen. Code, § 1203 et seq.) A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .' [Citation.] Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (See *Ricardo P.*, *supra*, 7 Cal.5th at p. 1128 ["*Lent* is an interpretation of the Legislature's requirement [in Penal Code, section 1203.1, subdivision (j)] that probation conditions be 'reasonable'"].)

In *Bryant* the defendant (Bryant) was convicted of carrying a concealed firearm in a vehicle, with related findings. The court imposed a split sentence (Penal Code, § 1170, subd. (h)(5)) of two years in the county jail with the last 364 days to be served on mandatory supervision. Over Bryant's objection the court imposed an electronics search condition requiring Bryant "'to submit to search of any electronic device either in his possession[,] including cell phone[,] and/or any device in his place of residence. Any search by probation is limited to defendant['s] text messages, emails, and photos on such devices.'" (*Bryant*, *supra*, 11 Cal.5th at p. 981.)

On appeal Bryant challenged the search condition as unreasonable under *Lent, supra,* 15 Cal.3d 481. The court of appeal, applying *Lent*, agreed. Following the Supreme Court's grant of their petition for review, the People argued the electronics search condition was categorically reasonable, comparing the privacy interest for persons on mandatory supervision to those on parole and insisting the individualized

8

*Lent* assessment did not apply.[3]  The *Bryant* Court rejected that comparison, holding, "[e]mploying the *Lent* test to assess mandatory supervision conditions best implements the Legislature's stated goals.  The trial court retains broad discretion to fashion these conditions subject to review for abuse of discretion.  [¶]  As in the probation context, imposing an electronics search condition for those on mandatory supervision requires the court to balance the need for meaningful supervision and rehabilitation with the burden imposed by the condition.  There may, indeed, be valid reasons for such a condition, but they must be supported by information in the record relating the condition to the defendant's criminal conduct or personal history."  (*Bryant, supra,* 11 Cal.5th at p. 991.)

                b.  *Constitutional limitations/overbreadth*

In addition to the statutory limits on the court's discretion to impose probation conditions, a "probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as constitutionally overbroad."  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  "'The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course,

---

[3]      The People did not argue, and the *Bryant* Court expressly did not consider whether, the electronics search condition was valid under the *Lent* test.  (*Bryant, supra,* 11 Cal.5th at p. 992 [the People concede the "'electronics search condition would be invalid if assessed . . . in the same way as a probation condition.' We accept that concession and do not review the Court of Appeal's determination as to the condition imposed on Bryant"].)

that perfection in such matters is impossible and that practical necessity will justify some infringement.'" (*People v. Appleton* (2016) 245 Cal.App.4th 717, 723, quoting *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153; see *Ricardo P., supra,* 7 Cal.5th at p. 1128 [recognizing that "'[w]here a condition of probation requires a waiver of precious constitutional rights, the condition must be narrowly drawn; to the extent it is overbroad it is *not* reasonably related to the compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights'"]; see generally *Williams v. Garcetti* (1993) 5 Cal.4th 561, 577 ["the overbreadth doctrine provides that a 'governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms'"].)

2. *Magana and Estrada Have Forfeited All but Their Facial Overbreadth Challenge to the Electronics Search Condition*

Unlike the defendant in *Bryant,* Magana and Estrada did not object to the electronics search condition in the trial court. Accordingly, whether that condition is reasonable as applied to them within the meaning of *Lent* has been forfeited. (See *People v. Moran, supra,* 1 Cal.5th at p. 404, fn. 7; *In re Sheena K., supra,* 40 Cal.4th at p. 889 [the forfeiture rule applies to constitutional challenges to probation conditions if the constitutional question cannot be resolved without reference to the sentencing record developed by the trial court]; *People v. Brand* (2021) 59 Cal.App.5th 861, 867-868 [failure to object in trial court to conditions of mandatory supervision resulted in forfeiture of any challenge to condition based on the requirements in *Lent*]; cf. *Ricardo P., supra,* 7 Cal.5th at pp. 1125-1127 [reaching

reasonableness of condition under *Lent* if defendant objected to the condition in juvenile court].)

Magana and Estrada's facial challenge to the constitutional validity of the condition—their overbreadth challenge—in contrast, is amenable to appellate review. (See *In re Sheena K., supra,* 40 Cal.4th at p. 889 [a constitutional challenge to a probation condition based on vagueness or overbreadth may be reviewed on appeal if it presents an error that is "a pure question of law, easily remediable on appeal by modification of the condition"]; *People v. Brand, supra,* 59 Cal.App.5th at p. 868 [although failure to object to condition of mandatory supervision resulted in forfeiture of *Lent* challenge on appeal, appellant's facial constitutional challenge, which did not require scrutiny of individual facts and circumstances of his case, had not been forfeited].)[4]

3. *The Electronics Search Condition Is Not Overbroad*

Emphasizing that today's smartphone is a powerful computer containing for many "'the privacies of life'" (*Riley v. California* (2014) 573 U.S. 373, 373, 403; accord, *Bryant, supra,* 11 Cal.5th at p. 990 ["When it comes to electronics searches we, and the United States Supreme Court, have recognized that the

---

[4] Although Magana and Estrada have forfeited any argument relating to the reasonableness of the condition under *Lent,* we recognize some overlap between the overbreadth analysis and the third prong of *Lent,* as interpreted by the Supreme Court in *Ricardo P.* (See *Ricardo P., supra,* 7 Cal.5th at p. 1128 ["both *Lent,* as we interpret it here, and a constitutional overbreadth analysis require a court to assess the relative burdens and benefits of probation [and mandatory supervision] conditions"].)

degree of intrusion posed by sweeping access to such devices is great in light of their "'immense storage capacity'" and the highly personal nature of the information stored on them"]), Magana and Estrada argue the condition authorizing unlimited searches of their smartphones and other personal electronic devices, rather than restricting permissible searches to data that may be reasonably likely to contain indicia of illegal conduct, was unconstitutionally overbroad in violation of their Fourth Amendment right to be free from unreasonable searches and seizures and their right to privacy.[5]

As Magana and Estrada acknowledged in their opening appellate briefs, however, cell phones are frequently used in connection with the transportation and sale of cocaine and requiring a defendant convicted of violating Health & Safety Code section 11352, subdivision (a), to permit law enforcement officers to search his or her cell phone as a condition of mandatory supervision serves a legitimate state interest. Accordingly, unlike the electronics search condition in *Ricardo P.,* involving burglary offenses, the connection between the use of cell phones, four of which were found in the SUV at the time of Magana's and Estrada's arrests, and the crime with which they were charged, is plain and undisputed. (Cf. *Ricardo P., supra,* 7 Cal.5th at pp. 1119-1120 [expressing skepticism about juvenile court's inference Ricardo was on drugs at time of the burglaries "as well as the juvenile court's generalization about teenagers' tendency to brag about drug use online"].)

---

[5] We review de novo a constitutional challenge to a condition of mandatory supervision. (See *People v. Brand, supra,* 59 Cal.App.5th at p. 867; *Appleton, supra,* 245 Cal.App.4th at p. 723.)

Magana and Estrada stress the electronics search condition in the case at bar is not limited to particular content on the cell phone or even to a particular electronic device. However, they presented no evidence in the trial court that cell phones used in drug transactions are utilized in a particular manner. Moreover, because Magana and Estrada did not object to the electronics search condition in the trial court, we do not know what type of electronic devices they own or possess and whether searching any of those devices would permit access to anything more than emails, text and voicemail messages, call logs and, perhaps, photographs. (Cf. *Ricardo P., supra,* 7 Cal.5th at p. 1123 [electronics search condition allowed not only for a warrantless search of juvenile's electronic devices, but also "any electronic accounts that could be accessed through these devices" and required Ricardo to provide full access to "any other data accessible using electronic devices, which could include anything from banking information to private health or financial information to dating profiles"].) Their facial challenge to the constitutional validity of that condition cannot be based on the assumed facts that might have been, but were not, developed at the time of sentencing. (See *In re Sheena K., supra,* 40 Cal.4th at pp. 885, 892 [facial challenge "requires the review of abstract and generalized legal concepts," not "scrutiny of individual facts and circumstances"]; *People v. Patton* (2019) 41 Cal.App.5th 934, 946 [same].)

Magana and Estrada insist no developed factual record was necessary for this court to conclude, as part of an overbreadth analysis, that an electronics search condition that allows unlimited searches of electronic devices with their substantial storage capacity and wide ranging content is categorically

unreasonable and overbroad, regardless of the crime or circumstances. In finding the electronics search condition in *Ricardo P.* unreasonable under *Lent,* however, the Supreme Court made clear its "holding does not categorically invalidate electronics search conditions. In certain cases, the probationer's offense or personal history may provide the juvenile court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality. [Citations.] But in this case, on the record before us, the electronics search condition imposes a burden that is substantially disproportionate to the legitimate interests in promoting rehabilitation and public safety." (*Ricardo P.* at pp. 1128-1129.) It may well be that a fully developed factual record like the one in *Ricardo P.* would have revealed a need to more narrowly tailor the search condition at issue to be valid under *Lent*, or even to pass constitutional muster as applied to Magana and Estrada. However, in this case, absent such a factual record, we reject Magana and Estrada's contention that an electronics search condition that allows for law enforcement's unrestricted access to the content on electronic devices for individuals convicted of transporting a large quantity of illegal drugs is, a priori, constitutionally overbroad on its face, even under the greater privacy interest for those on mandatory supervision the Court recognized in *Bryant*.

## DISPOSITION

The judgments are affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.