Filed 5/25/22  P. v. White CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD E. WHITE,<br><br>    Defendant and Appellant. | 2d Crim. No. B314223<br>(Super. Ct. No. 1PB00513)<br>(Los Angeles County) |

Richard E. White appeals from postjudgment orders (1) denying his motion to modify conditions of postrelease community supervision (PRCS), and (2) revoking PRCS.  We affirm.

### Factual and Procedural Background

In October 2019 appellant was convicted in Orange County of second degree burglary (Pen. Code, §§ 459, 460, subd. (b))[1] and grand theft (§ 487, subd. (a)).  He was sentenced to prison for two years, eight months.  In October 2020 he was released from

_____

[1] All further statutory references are to the Penal Code.

prison and placed on PRCS in Los Angeles County.  PRCS is due to expire in October 2023.

In February 2021 the Los Angeles County Probation Department filed a petition to revoke PRCS because appellant had violated two conditions of supervision: (1) obey all orders of the probation officer, and (2) do not leave Los Angeles County without the probation officer's written permission.

In July 2021 the superior court denied appellant's motion to delete the following conditions of supervision: (1) X34 – "Do not be alone with any minor.  All supervised contact with minor must have prior approval by the probation officer."  (2) X36 – "Do not reside with any minor, including but not limited to, natural children, stepchildren, or any child with whom [appellant] has a parenting, guardianship, or supervisory relationship, unless approved in writing by probation officer."  (3) X13 – "Do not leave the county of Los Angeles or the state of California without the advance written permission of the probation officer."  (4) X91 – "Cooperate with probation officer in a supervision plan that includes GPS [global positioning system] enrollment and monitoring."

The superior court found appellant to be in violation of his conditions of supervision, revoked and reinstated PRCS on the same terms and conditions, and ordered him to serve 120 days in county jail.

## PRCS

"PRCS was created by the Legislature in 2011 as an alternative to parole for non-serious, nonviolent felonies.  It is similar, but not identical to parole.  A felon who qualifies for PRCS may be subject to supervision for up to three years after his or her release from prison.  (§ 3451, subd. (a).)  This supervision is conducted by a county agency, such as the [Los

Angeles] County Probation Agency, rather than by the state's Department of Corrections and Rehabilitation. [Citations.] The supervised person may be subject to various sanctions for violating the conditions of his or her PRCS, including incarceration in the county jail, but may not be returned to state prison for PRCS violations." (*People v. Gutierrez* (2016) 245 Cal.App.4th 393, 399.)

*PRCS Conditions: Standard of Review*

In determining the reasonableness of conditions of PRCS, we apply the same test used in determining the reasonableness of conditions of probation. (*People v. Bryant* (2021) 11 Cal.5th 976, 981, 991.) "In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety . . . ." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.) A court abuses its discretion "when its determination is arbitrary or capricious or ""exceeds the bounds of reason, all of the circumstances being considered."' [Citations.]'" (*Id.* at p. 1121.)

"Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) This three-pronged test is known as the *Lent* test. (*People v. Lent* (1975) 15 Cal.3d 481, 486, superseded by Proposition 8 on another ground as stated in *People v. Wheeler* (1992) 4 Cal.4th 284, 290-292.)

The "test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no

3

relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Olguin, supra,* 45 Cal.4th at pp. 379-380.)

*PRCS Conditions Prohibiting Appellant from*
*Being Alone with and Residing with Any Minor*

Condition X34 prohibits appellant from being alone with any minor. Condition X36 prohibits him from residing with any minor unless approved in writing by the probation officer. These conditions satisfy the first two prongs of the *Lent* test, i.e., they ""'(1) ha[ve] no relationship to the crime of which the offender was convicted, [and] (2) relate[] to conduct which is not in itself criminal . . . .'"" (*Olguin, supra,* 45 Cal.4th at p. 379.) The issue is whether the conditions satisfy the third prong – they ""'require[] or forbid[] conduct which is not reasonably related to future criminality . . . .'"" (*Ibid.*) The conditions are valid if they are "reasonably related to preventing future criminality." (*Id.* at p. 380.)

The superior court did not exceed the bounds of reason in concluding that conditions X34 and X36 are reasonably related to preventing future criminality. In its 14-page decision on appellant's motion to modify conditions of PRCS, the court stated: "[Appellant's] probation report includes a concerning, and relatively recent arrest for lewd and lascivious acts with his [six-year-old] autistic daughter. [Record citation.] While the case was dismissed for lack of evidence, the court's independent review of the underlying reports regarding this incident present 'a substantial basis for believing the information is reliable' for the purposes of upholding the challenged PRCS condition[s]. [Citation.] [¶] The initial crime report . . . identifies that,

4

sometime between March 22 and 26, 2018, [appellant's other minor] daughter saw [appellant] l[]ying naked in [the autistic daughter's] bed." Appellant was on top of his autistic daughter, who "'was on her back with her clothes on.'" The other minor daughter "saw [appellant] 'thrust his pelvis in a backward and forward motion . . . sexually towards [the autistic daughter's] vagina.'" The other minor daughter said that appellant had "'humped my sister'" like "'he humps mommy.'" "She 'took . . . dolls, laid the female on the table and made the male bounce up and down on top of the female.'"

The other minor daughter told a sheriff's deputy that, "after committing the sexual act, [appellant] placed duct tape on [the autistic daughter's] mouth." But the other minor daughter later said that "the duct tape was placed on her [own] mouth," not the autistic daughter's mouth. A sheriff's deputy interviewed the autistic daughter. She "denied all accusations pertaining to the sexual incident."

The court concluded that conditions X34 and X36 are reasonable because of the prior sexual incident involving appellant's autistic daughter and because the conditions "merely preclude[] [appellant] from being alone with children, not from never seeing children."

At a probation hearing the court may consider evidence of other uncharged criminal conduct if "the reliability of the information [concerning such conduct] . . . is sufficiently demonstrated." (*People v. Peterson* (1973) 9 Cal.3d 717, 727.) The information that may be considered includes "responsible unsworn or out-of-court statements concerning the convicted person's life and characteristics. [Citations.] Fundamental fairness, however, requires that there be a substantial basis for

5

believing the information is reliable." (*People v. Lamb* (1999) 76 Cal.App.4th 664, 683.)

Appellant contends, "[T]here was no substantial basis to believe the information in the probation report was both accurate and reliable" because "[t]he prosecution rejected the case for filing citing insufficient evidence, and the victim denied the incident took place." But the prosecution's rejection of the case and the victim's denial are not determinative factors. Unlike a probation proceeding, in a criminal trial the prosecution must carry the heavy burden of proving guilt beyond a reasonable doubt. It often occurs that a child victim of sexual abuse by a close family member will sometimes deny the abuse to protect that family member. The superior court reasonably concluded that there was "'a substantial basis for believing the information [of sexual abuse by appellant] is reliable' for the purposes of upholding the challenged PRCS condition[s]." (See *In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122 ["courts may properly base probation conditions upon information in a probation report that raises concerns about future criminality unrelated to a prior offense"].)

Appellant claims that, in denying the motion to modify conditions X34 and X36, the superior court erroneously relied "on information appellant had an open case with E[]delman Dependency." The court said: "Probation learned that [appellant] has an open case 'with Edelman Dependency Court . . . regarding four of [his] minor children.' [Citation.] The case 'is a result of ongoing domestic violence history between [appellant] and . . . the mother of . . . the . . . [four] children.'" In November 2019 appellant was denied reunification services and "may 'only have monitored visits with the children involved in

6

this case.'"  The court concluded, "This new information demonstrates that [appellant] should not be alone with at least some of his children and further supports Probation's assessment of the need for the challenged condition."

Appellant argues, "This was not a valid basis to impose conditions X34 and X36 because the open case [with Edelman Dependency Court] involved allegations of domestic violence between appellant and the mother, not against the children. [Record citation.]  In addition, this was a pending matter in which there had been no formal decision."  Domestic violence between parents may have harmful effects on their minor children.  That the dependency matter was pending did not preclude the superior court from considering it.

Finally, appellant maintains that he was denied due process because the superior court considered "expired protective orders protecting his children" from appellant.  The expired orders were "from August and December 2018 and June 2019." Appellant asserts, "If there had been an ongoing threat to the minor children, the protective orders would have been reissued. They were not."  The protective orders had expired, but they were nevertheless properly considered.  The record does not disclose why they were not reissued.  There is no evidence that they were not reissued because appellant could safely be alone with his children.

*Conditions X34 and X36 Are Not Overbroad*

Appellant argues that conditions X34 and X36 are overbroad because they "impermissibly abridge appellant's state and federal constitutional rights to cohabitate and associate with his family, and his constitutional right of association."  This is a

7

pure question of law subject to de novo review.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 888.)

"A restriction is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.'  [Citations.]  The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement."  (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

X34 and X36 are not unconstitutionally overbroad.  They are carefully tailored to the purpose of the conditions – to prevent appellant from indulging his sexual interest in children.  (See *People v. Delvalle* (1994) 26 Cal.App.4th 869, 879 ["the state has a compelling interest in the protection of children which justifies the restriction on Delvalle's freedom of association"].)  Appellant is not barred from visiting his children.  He simply cannot be alone with them and cannot reside with them without the probation officer's approval.

Appellant claims that condition X34 is overbroad because "[b]y banning appellant from being alone with any minor, appellant is unable to go anyplace without risking violating [the condition]."  For example, "he risks being sent back to jail" if "he enters an elevator and a teenager enters and rides up with him."

"A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.'"  (*Olguin, supra,* 45 Cal.4th at p. 382.)  No reasonable, objective reader would

8

interpret X34 as prohibiting appellant's chance, brief encounter with a minor such as in the elevator hypothetical.

*The GPS Monitoring Condition – X91*

Condition X91 provides, "Cooperate with probation officer in a supervision plan that includes GPS enrollment and monitoring." Appellant claims that condition X91 is unconstitutionally overbroad and violated his right to privacy as well as his right to "equal protection of the law because other similarly situated moderate risk offenders are not required to wear a GPS device." In addition, appellant asserts that the condition "must be stricken" because it was not among the initial conditions of PRCS. It was "added two weeks after [he] was placed on PRCS" in response to his criminal history. But "there was no change in [his] criminal history" to justify adding it as a condition two weeks later." Moreover, his criminal history "fails to justify the addition of GPS monitoring."

The Penal Code expressly authorizes GPS monitoring as a condition of PRCS. (§§ 3454, subd. (b), 1210.7.) The condition may be imposed if it is "reasonably related to . . . the offender's risk of recidivism, and the offender's criminal history, and [is] otherwise consistent with law." (§ 3454, subd. (a).) The condition must also be "consistent with public safety." (*Id.*, subd. (b).) If a GPS monitoring condition is not imposed when a person is initially released on PRCS, there is no requirement that the addition of the condition be justified by changed circumstances since his release.

The superior court did not abuse its discretion in denying appellant's motion to delete the GPS monitoring condition. The court reasoned: "The totality of the evidence regarding [appellant's] criminal and personal history show that the GPS

9

condition is supported and reasonably related to preventing future criminality. [Appellant], now 54 years old, has an extensive criminal record including a manslaughter conviction at age 18, numerous drug related arrests and convictions . . . , numerous theft and/or burglary convictions . . . , an assault arrest where he was found in possession of a firearm . . . , multiple domestic violence arrests and/or convictions . . . , and multiple recently expired protective orders where he was the restrained party evidencing prior court findings of [appellant's] inappropriate conduct necessitating that he be restrained."

The Superior Court continued: "During an October 23, 2019 probation interview related to his commitment offense, [appellant] reported using marijuana daily, cocaine weekly, and drinking alcohol multiple times per week. . . . [¶] Since his release [on PRCS, appellant] has allegedly violated his PRCS terms on numerous occasions by traveling outside of Los Angeles County without written permission of the probation department and after being warned about such unauthorized travel. . . . Probation concluded that [appellant] 'appears by evidence of GPS monitoring, to wander throughout Los Angeles, Orange, and San Bernardino County. [His] activities in the community are unknown, potentially putting the community safety at risk.' . . . [¶] [¶] . . . It is noteworthy that, since 1986 [appellant] 'sustained seven parole violations.'"

The superior court concluded: "In short, Probation has a well-founded reason to be concerned about [appellant] engaging in future criminal conduct. GPS tracking is further justified because [appellant] has already accumulated several arrests in neighboring counties since his release from prison and appears to travel outside of Los Angeles County as he sees fit, including to

the area where his children live. . . .  Accordingly, based on the totality of the evidence before the court [appellant] is a 'high-risk person[] . . . where prevention and knowledge of [his] whereabouts is a high priority for maintaining public safety.' [§ 1210.7, subd. (e).]"

Condition X91 is not unconstitutionally overbroad.  It is "'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.'"  (*In re E.O.*, *supra*, 188 Cal.App.4th at p. 1153.)

*Condition Requiring Approval before*
*Leaving the County or State – X13*

A required condition of PRCS is that "[t]he person shall obtain a travel pass from the supervising county agency before they may leave the county or state for more than two days." (§ 3453, subd. (l).)  Condition X13 is more restrictive.  It provides, "Do not leave the county of Los Angeles or the state of California without the advance written permission of the probation officer." Appellant asserts that the condition "is unreasonable under *Lent*" because it "is not reasonably related to future criminality."  In addition, appellant claims it is unconstitutionally overbroad and vague.

The superior court did not abuse its discretion in ruling that condition X13 "is clearly reasonably related to [appellant's] risk of recidivism."  The court explained:  "Since [appellant] traveled outside of Los Angeles County without permission on 'approximately 37 days' between October 17, 2020 and March 17, 2021 (151 days), probation has a legitimate reason to know where [he] plans to travel outside of Los Angeles County *before* he does so.  [Record citation.]  Moreover, in light of the valid condition that [appellant] not be alone with minor children, Probation has

11

a legitimate basis to approve any of his out of county travel to ensure that any people [he] may be visiting are aware of the conditions limiting his access to children.  [Record citation.]" Appellant's "lengthy and extensive criminal history across several counties . . . , multiple expired protective orders, [and] the alleged lewd and lascivious conduct with his minor daughter . . . support the need for increased monitoring of [appellant] to deter future criminality."  The superior court noted that "[t]he condition is not unduly burdensome as it does not prohibit [appellant] from traveling, but merely requires that he obtain permission in advance of doing so."

Appellant maintains that condition X13 is unconstitutionally overbroad because it "impermissibly limits [his] constitutional right to travel." We disagree.  "While all citizens enjoy a federal constitutional right to travel from state to state [citation], that right is not absolute and may be reasonably restricted in the public interest.  [Citation.] . . . [U]nder *Lent,* the condition is reasonably related to preventing future criminality by placing a reasonable limitation on [appellant's] . . . ability to travel [outside of Los Angeles County]." (*People v. Relkin* (2016) 6 Cal.App.5th 1188, 1195.)  "[T]he condition's limitation on . . . travel is closely tailored to the purpose of monitoring defendant's travel [outside of Los Angeles County] not by barring his ability to travel altogether but by requiring that he first obtain written permission before doing so."  (*Ibid.*)

Appellant contends that condition X13 is unconstitutionally vague.  "The vagueness doctrine 'bars the government from enforcing a provision that "forbids or requires the doing of an act in terms so vague" that people of "common intelligence must necessarily guess at its meaning and differ as to its application."'

[Citation.]  'A restriction is unconstitutionally vague if it is not "'sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated."'" (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1127.)  Condition X13 could not be more precise.  It simply requires appellant to obtain permission from his probation officer before leaving Los Angeles County or the State of California.

### Condition X11

For the first time on appeal, appellant challenges PRCS condition X11, which provides, "Obey all specific orders, instructions and conditions of the probation office."  Appellant claims that the provision "should be stricken" because it "is redundant, overbroad, and permits appellant to be assessed twice for each violation."  (Bold and capitalization omitted.)  Appellant explains, "It permits the probation department to cite appellant once for violation, and a second time for failing [to] follow all orders, which is redundant and serves no purpose."  The claim is forfeited because it is not supported by meaningful, intelligible legal argument with citation to pertinent authority.  (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

### Appellant Forfeited Evidentiary Claim

Appellant claims that at the PRCS revocation hearing the superior court erroneously "admitted the social worker's [hearsay] statement to the [Los Angeles County] probation officer that appellant resided with his minor children in violation of Condition X36."  The probation officer testified that, based on information provided by the social worker, she determined that appellant was living with his children.  The evidentiary claim is forfeited because appellant did not object to the probation officer's testimony.  (*People v. Nolan* (2002) 95 Cal.App.4th 1210, 1216.)

13

Appellant concedes that he "did not object to this hearsay specifically." But he argues that a forfeiture did not occur because he "repeatedly objected to the hearsay in the probation report." In support of this argument, appellant cites pages 6-7 of the reporter's transcript of the hearing on appellant's motion to modify the conditions of PRCS. The hearing occurred on June 11, 2021, more than one month before the PRCS revocation hearing on July 22, 2021. At pages 6-7 of the reporter's transcript, appellant's counsel objected to reliance "on hearsay . . . that came out of the Orange County [probation] report." Counsel had earlier alleged that, in determining the conditions of PRCS, "Probation relied on [appellant's] criminal history, as reflected in the Orange County Probation Department . . . Report dated November 8, 2019."

Appellant's hearsay objection on June 11, 2021 did not excuse his failure to object to the Los Angeles County probation officer's testimony at the July 22, 2021 PRCS revocation hearing. The probation officer's testimony had nothing to do with hearsay in the Orange County probation report.

*PRCS Was Properly Revoked*

Appellant maintains that the superior court abused its discretion in revoking PRCS for violating "Condition X13 not to leave the county because he had permission to leave Los Angeles County to go to court . . . ." But appellant did not just go to court. He also went to a casino. He did not have permission to go to the casino. Appellant acknowledges, "The probation officer explained he could only go to the location on the travel pass, meaning court."

14

*Disposition*

The orders denying appellant's motion to modify conditions of PRCS and revoking PRCS are affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

Kevin S. Rosenberg, Judge

Superior Court County of Los Angeles

_____

Sally Patrone Brajevich, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael C. Keller, John Yang, Deputy Attorneys General, for Plaintiff and Respondent.