Filed 12/27/22  P. v. Ekoniak CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C094971 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2021029) |
| v. | |
| SCOTT BRIAN EKONIAK, | |
| Defendant and Appellant. | |

The trial court granted defendant Scott Brian Ekoniak probation after he pled guilty to hit-and-run causing death and driving under the influence.  He contends two conditions of his probation are unconstitutionally vague and overbroad and that the court erred by failing to identify the statutory bases for his fines, fees, and assessments.  Finding merit in his contentions, we will modify the conditions and remand with additional instructions.

1

Our statement of facts is taken from the preliminary hearing, which served as the factual basis for defendant's plea. According to an investigating officer, defendant stated he went to the victim's apartment with a 30-pack of beer in the late morning to watch football with the victim. Defendant, who claimed he could "drink an 18-pack no problem," had at least nine beers. Around 7:30 p.m., he bought a couple of 24-ounce beers; he remembered drinking one. A little while later, as defendant drove out of the parking lot of the apartment complex, defendant hit the victim with his truck. He stopped briefly, claiming he thought the victim "was going to be okay," and then drove off. A witness who saw defendant after he got out of the truck to check on the victim stated defendant smelled like alcohol.

In exchange for the dismissal of other charges, defendant pled no contest to felony hit-and-run causing death (Veh. Code, § 20001, subds. (a), (b)(2)) and misdemeanor driving under the influence (Veh. Code, § 23152, subd. (a)). Defendant's plea included the condition that he would be prohibited from drinking alcohol while on probation and that he would be required to wear an alcohol monitoring device for up to a year of probation.

The probation report noted that, from 1994 to 2018, defendant's prior offenses included five drunk-in-public violations (Pen. Code, § 647, subd. (f)), one of which resulted in a detention pursuant to section 5170 of the Welfare and Institutions Code "for the 72-hour treatment and evaluation of inebriates" (Pen. Code, § 647, subd. (g)).

The trial court granted two years of formal probation for the felony and five years of informal probation for the misdemeanor. Rejecting defense counsel's request for a shorter term, the court stated that defendant "killed somebody and he has a long history with alcohol violations of the law, not just problems with alcohol, but alcohol violations, and he is going to be under the supervision of the probation office this entire time so that he has all of the support he can get."

Defendant's probation order was recorded on a standard form with specific conditions selected, including that he "[a]bstain from the use or possession of alcohol and not be in or about places where it is the main item of sale or use" (condition No. 19) and "[s]ubmit to testing, (urinalysis, breath, blood, saliva) for _____ whenever requested by the Probation Officer or any peace officer" (condition No. 22). Left unselected was a condition that would have required defendant to abstain from using or possessing illegal drugs or narcotics. The order also included the condition that defendant "participate in substance abuse treatment at the direction of the probation officer," as well as certain "DUI terms," including that defendant was to immediately report to an alcohol education program.

Numerous financial conditions were included. Relevant here, condition No. 51, under the header of "DUI terms," required that defendant "[p]ay $700 as a fine," which included citations to specified fees and funds adding up to $184. Condition No. 51 also required that defendant pay a "$2,220 penalty assessment." The final page of the order included an unnumbered term captioned "Fine and Penalty Assessment," requiring that defendant "[p]ay $500 as a fine plus $1,550 penalty assessment; plus, a processing fee of $35."

DISCUSSION

I

*Probation Conditions*

Defendant contends condition Nos. 19 and 22 are facially unconstitutional because they are vague and overbroad.

A.     *Threshold Matters*

We agree that to the extent defendant's contentions present pure questions of law, they are cognizable on appeal despite the failure to raise them below. (*People v. Brand* (2021) 59 Cal.App.5th 861, 867, citing *In re Sheena K.* (2007) 40 Cal.4th 875, 887-889.) Furthermore, although defendant's assertion that condition No. 22 "should be limited to

his alcohol consumption" is, in effect, an as-applied challenge, we elect to reach the merits because the record permits review of the issue.[1]

### B. Legal Principles

Probation conditions may be challenged as unconstitutionally vague or overbroad. (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.) "Although the two objections are often mentioned in the same breath, they are conceptually quite distinct. A restriction is unconstitutionally vague if it is not ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' " (*Ibid.*) "A restriction is unconstitutionally overbroad, on the other hand, if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' " (*Ibid.*) Our review is de novo. (See *In re David C.* (2020) 47 Cal.App.5th 657, 668-669 & fn. 7.)

### C. Condition Barring Defendant from Being "In or About Places" Where Alcohol "Is the Main Item of Sale or Use"

Defendant asserts that condition No. 19 unduly restricts his rights to travel and freely associate and must be reformed to include both a scienter requirement and a specific distance from prohibited establishments into which he may not encroach. We disagree with the first contention but agree with the second.

As the People point out, our state Supreme Court has held that it is generally unnecessary to modify probation conditions to impose a scienter requirement because such a requirement is already implied. (*People v. Hall* (2017) 2 Cal.5th 494, 500-503.) This "reasoning applies with equal force to conditions prohibiting a probationer from entering certain spaces" including those prohibiting a defendant "from entering a

---

[1] As such, we need not reach defendant's contention that defense counsel was ineffective for failing to object to the probation conditions as constitutionally defective.

4

business which primarily sells alcohol." (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1128; *People v. Kelley* (2022) 76 Cal.App.5th 993, 1001.)  Thus, an express scienter requirement is not necessary for the condition to pass constitutional muster.

However, we agree with defendant that the condition's prohibition on him being "in or *about*" such establishments is not sufficiently clear.  Appellate courts have modified similar language prohibiting a defendant from being "adjacent to any school campus" to instead prohibit the defendant from coming within 50 feet of school campuses.  (*People v. Barajas* (2011) 198 Cal.App.4th 748, 760-762; *People v. Rhinehart, supra*, 20 Cal.App.5th at p. 1130.)  The implied knowledge requirement under *Hall* does not resolve the uncertainty inhering in such spatial abstractions.  (*Rhinehart*, at p. 1131.)  Thus, the condition's use of "about" "is not ' "sufficiently precise for the probationer to know what is required of him." ' " (*In re E.O., supra,* 188 Cal.App.4th at p. 1153.)

Accordingly, we will strike "or about" from condition No. 19 and remand for the trial court to consider what, if any, specific distance is appropriate for defendant to maintain from places where alcohol is the main item of sale or use.

### D.     Condition Requiring Defendant to Submit to Testing for Unspecified Substances

We agree with defendant that condition No. 22, a boilerplate chemical-testing condition in which the substance defendant may be tested for was left blank, also necessitates more precision.

Other than alcohol, there is no mention in the record of a substance, illicit or otherwise, that contributed to defendant's offense or that may lead him to reoffend. Defendant had a history of alcohol-related violations, was drunk when he killed the victim, and was granted probation subject to conditions expressly aimed at ensuring his abstention from alcohol.  That condition No. 22 was left blank more likely reflects

5

inadvertence rather than intent, nowhere reflected in the record, to subject defendant to open-ended chemical testing untailored to his reformation and rehabilitation.

Accordingly, we will modify the condition to allow testing for alcohol only.

II

*Fines, Fees, and Assessments*

Defendant argues the court failed to itemize the statutory bases for the fines, fees, and penalty assessments. We agree.

Trial courts must include in their judgments the statutory basis for every fine or fee imposed. "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment." (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) An order of probation is subject to the same requirements. (*People v. Eddards* (2008) 162 Cal.App.4th 712, 718.) As such, a trial court errs when it does not include, in an order of probation, the statutory basis for every fine, fee, and penalty imposed.

Here, multiple fines and penalties connected with defendant's drunk driving conviction, including the $700 and $500 fines and $2,200 and $1,550 penalty assessments, were improperly imposed in lump sums with no breakdown as to their components or statutory bases. Likewise, no statutory basis was identified for certain fees, such as the $35 processing fee. The probation order thus necessitates correction by itemizing the specific statutory bases for each of defendant's fines, fees, and assessments.

6

## DISPOSITION

The phrase "or about" is stricken from condition No. 19. On remand, the trial court shall consider what, if any, specific distance defendant must maintain from places where alcohol is the main item of sale or use. Condition No. 22 is modified to allow testing for alcohol only. The trial court shall correct the probation order by itemizing the specific statutory bases for each of defendant's fines, fees, and assessments. In all other respects, the judgment is affirmed.


                                            /s/
                                     BOULWARE EURIE, J.


We concur:


    /s/
MAURO, Acting P. J.


    /s/
KRAUSE, J.